619 P.2d 3

STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and The Honorable Howard Peterson, Judge of the Superior Court, and Jackie McKinzie, real party in interest, Respondents.

No. 14956.

Supreme Court of Arizona,
In Banc.

Oct. 7, 1980.

Rehearing Denied Nov. 13, 1980.

Charles F. Hyder, Maricopa County Atty., David A. Rubin, Myrna J. Parker, Deputy County Attys., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender, John N. Bilinski, Deputy Public Defender, Phoenix, for respondent McKinzie.

GORDON, Justice:

Petitioner, State of Arizona, brought this special action urging that a suppression order issued by respondent Superior Court was arbitrary and capricious or an abuse of discretion. We accepted jurisdiction pursuant to A.R.S.Const. Art. 6, § 5(4), and Rule 3(c), 17A A.R.S., Rules of Procedure for Special Actions. On July 10, 1980, we issued an order with written opinion to follow, vacating the suppression order and directing the superior court to enter an order denying defendant's motion for suppression.

The facts necessary for our determination are as follows: On November 5, 1979, Jackie McKinzie, real party in interest, was ar-

rested and charged with the theft of 20,000 feet of copper tubing of a value of over $1,000, a class three felony. An employee of the company from which similar copper tubing had been stolen that morning was summoned to the arrest scene by police officers. According to testimony at the evidentiary hearing on the motion for discovery or in the alternative to suppress, this employee identified the copper tubing as belonging to his company and asked that it be returned because it was needed for a construction job. After the police took photographs of the copper tubing, the employee took the undamaged tubing back to the company's yard, and on the same day sold the damaged pieces as scrap metal.

Defendant subsequently filed a motion to order production of all copper pipe seized on November 5, 1979, or, in the alternative, to suppress use of or reference to such material at trial. The trial court, after an evidentiary hearing, suppressed "all photos and/or descriptions of material seized by or reduced to the custody, control and possession of representatives of law enforcement agencies purporting to be copper." We find this suppression order erroneous for the following two reasons:

■ First, defendant's motion resulting in the above suppression order was untimely filed. At arraignment, the deadline date for filing all motions was set at December 26, 1979, twenty days before the trial date set at January 15, 1980. This deadline was in compliance with Rule 16.1(b), which provides, "All motions shall be made no later than 20 days prior to the date set for trial." 17 A.R.S. Rules of Criminal Procedure, Rule 16.1(b). The trial date of January 15 was thereafter reset to February 13. When the defendant failed to appear on February 13, the trial date was reset to March 19, 1980. Defendant made his motion for discovery or in the alternative to suppress on February 29, 1980, twenty days before the third trial date but more than two months after the December 26 deadline for motions set at his arraignment.

■ The defendant does not assert that the basis for his motion was unknown as of December 26. To the contrary, testimony at the preliminary hearing held November 16, 1979, brought out the fact that the material which defendant had been charged with stealing had been photographed by the police and returned to the possession of the alleged owner. Nor was an order postponing the deadline for filing motions entered by the trial court. The resetting of a trial date does not change the date by which pretrial motions must be filed unless so ordered by the trial court. Pursuant to Rule 16.1(c), therefore, defendant's failure to timely raise his motion precluded its subsequent assertion on February 29. 17 A.R.S., Rules of Criminal Procedure, Rule 16.1(c).

■ Second, it is evident from the record that the court based its suppression order on the police officers' failure to comply with Rule 28.2(e), 17 A.R.S., Rules of Criminal Procedure. The relevant portions of Rule 28.2 read as follows:

"Rule 28.2 *Disposition of evidence in the custody of the prosecutor or law enforcement agencies*

"a. *Discretionary Disposition.* The prosecutor or a law enforcement agency may, at any time, dispose of any item, or any part or portion thereof, seized or otherwise obtained for use in a criminal prosecution, in accordance with the procedures established by law and by this rule.

"b. *Mandatory Disposition.* Unless otherwise prescribed by law, the prosecutor or law enforcement agency shall dispose of such items within 30 days after the case of each person against whom the item could be used as evidence is no longer 'subject to modification' under Rule 28.1(b).

\*   \*   \*   \*   \*   \*

"e. *Notice of Disposal.* At least 10 days prior to disposing of an item under this rule, the person or agency shall serve a notice of disposal, together with a copy of any record of disposal made under subsection (c), to any person, and his counsel, against whom the item has been or may be used as evidence. Within 10 days thereafter, such person may request a stay of disposal until after trial or

request to examine, test or analyze or otherwise make his own record of the item. The prosecutor may impose any reasonable conditions on such examination, testing or analysis, including an appropriate stipulation concerning chain of title.

\*　　\*　　\*　　\*　　\*　　\*

Rule 28 is part of Section VII of the Rules of Criminal Procedure, which is entitled "Post–Verdict Proceedings." This section regulates events which occur in the criminal process following adjudication of charges. As such, it is generally inapplicable to pretrial discovery which is covered by Section IV, entitled "Pretrial Procedures."[1] Pretrial discovery motions such as the one before us are regulated by Rule 15, 17 A.R.S., Rules of Criminal Procedure. Rule 28.2 was therefore irrelevant to defendant's pretrial motion for discovery or in the alternative to suppress.

For each of the above reasons, the trial court abused its discretion by entering its motion on June 25, 1980, described above. Prayer for relief granted.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.

---

1. This is in accord with our decision in *State v. Bouillon*, 112 Ariz. 238, 540 P.2d 1219 (1975), where we held that a violation of former A.R.S. § 13-1471, "Disposition and return of stolen or embezzled property," (Supp.1957–1978) (renumbered as § 13–3941), did not affect the admissibility of photographs of stolen guns which had been released to their owner.