487 P.2d 399

The STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, et al.; Wayne William HOFFMAN, Defendant and Real Party in Interest, Respondents.

No. 10407.

Supreme Court of Arizona, In Banc.

July 28, 1971.

Joe R. Purcell, City Atty. by Toby Maureen Gerst, Asst. City Atty., Phoenix, for petitioner.

Flynn, Kimerer, Thinnes & Galbraith by Tom Galbraith, Phoenix, for real party in interest.

HAYS, Vice Chief Justice.

On July 23, 1970, respondent, Wayne William Hoffman (hereinafter referred to as respondent), was arrested in Phoenix, Arizona for driving while under the influence of intoxicating liquor and requested to submit to, and did in fact submit to, a chemical test of the breath as prescribed by A.R.S. § 28–691, subsec. A. Respondent thereafter was charged by complaint with a violation of A.R.S. § 28–692 in the Magistrate's Court of the City of Phoenix, Arizona and a November 16, 1970 date for trial was set. Prior to the trial, respondent moved, pursuant to Rule 195, Rules of Criminal Procedure, 17 A.R.S., A.R.S. § 28–692, subsec. G, and constitutional due process standards, for production and inspection of the breathalyzer machine, the standard ampoule, the test ampoule, and the contents of the test ampoule utilized by the State of Arizona (hereinafter referred to as petitioner) in the administration of the breathalyzer test. To this motion petitioner responded that the State was prepared to produce the breathalyzer machine used in the test, a control ampoule of the same batch used on the day and time of the examination, and complete information on examination procedures. The State, however, advised the Court that it would be unable to produce the actual test ampoule since it had been discarded pursuant to standard procedure due to the corrosive and dangerous nature of the test ampoule contents after use.

Respondent thereafter filed a motion to suppress any evidence relative to the intoxication of defendant due to the inability of the petitioner to produce the requested items. The Magistrate's Court granted this motion and petitioner filed a petition for special action in the Superior Court of

Maricopa County. After oral argument the Superior Court granted a motion to dismiss by respondent and petitioner brought a petition for special action to the Supreme Court.

Respondent urges that we deny this petition for special action and the relief requested on the following four grounds:

(1) that this petition is barred by laches since seventy days elapsed after final action of the Superior Court before petitioner filed his petition for special action;

(2) that a Magistrate has broad discretionary powers in the area of discovery under Rule 195, Rules of Criminal Procedure, 17 A.R.S. and its supporting case law and that in granting both respondent's motion to produce and motion to suppress the Magistrate was well within these discretionary powers;

(3) that A.R.S. § 28–692, subsec. G requires full information be made available to any person who has submitted to a chemical test, and this in essence, requires production of the test ampoule;

(4) that due process of law requires production of the test ampoule.

We find these contentions to be without substance.

■ With respect to the laches argument raised by respondent, it is true that the Superior Court minute entry dismissing the petition for special action was entered on December 11, 1970, and that this petition was not filed in this Court until some seventy days thereafter, February 19, 1971. However, the final written order of judgment of dismissal was not filed by the Superior Court until February 9, 1971; only ten days prior to the filing of this petition for special action. Therefore, we find that laches is not a bar to this action.

■ We agree with respondent that Rule 195, Rules of Criminal Procedure, 17 A.R.S. and its supporting case law, bestows on the trial court a wide range of discretion in the area of criminal discovery. However, in order to initiate this range of discretion,

the respondent must show how the production of the requested evidence would aid in the presentation of his defense. In the instant case respondent has failed to show how the post test chemical composition of the test ampoule, had it not been discarded, could have made a valid contribution to his defense.

■ Respondent next urges that A.R.S. § 28–692, subsec. G requires production of the test ampoule. A careful reading of the entire section, however, indicates this position to be in error. A.R.S. § 28–692, subsec. F provides that a person who submits to a chemical test under the statute is entitled to have a physician of his own choosing administer any chemical test in addition to the one administered at the direction of a law enforcement officer. The clear intent of this provision is to provide the defendant with an opportunity to secure full medical information if he so desires. If a defendant, such as respondent, fails to take advantage of this subsection, the State cannot be expected to re-create for the defendant the conditions existing at the time of the original test.

■ As to the due process contentions, we find that the opportunities afforded under A.R.S. § 28–692 to check the accuracy of the medical findings of chemical tests administered by the State are sufficient to provide any defendant with the full measure of due process of law.

In light of the foregoing, we hold that the Magistrate's Court abused its discretionary power in the area of criminal discovery by granting respondent's motion to produce the test ampoule and respondent's motion to suppress based thereon.

It is ordered vacating the judgment of dismissal of the Superior Court and it is further ordered remanding this cause to the Magistrate's Court of the City of Phoenix for proceedings consistent with this opinion.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.