569 P.2d 298

STATE of Arizona, Appellee,

v.

Joe Alonzo CANTU, Appellant.

No. 1 CA–CR 2257.

Court of Appeals of Arizona,
Division 1,
Department C.

Aug. 25, 1977.

---

1. *State v. Rodriguez,* 112 Ariz. 193, 540 P.2d 665 (1975).

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Hendrickson & Gadzia by William H. Gadzia, Mesa, for appellant.

## OPINION

DONOFRIO, Judge.

Appellant Joe Cantu was tried before a Maricopa County Jury and convicted of driving while under the influence of an intoxicating beverage while his license was revoked (in violation of A.R.S. §§ 28–692

and 28–692.02). A sentence of one year in the Maricopa County Jail was imposed and this appeal from the conviction and sentence followed.

On February 26, 1976 at approximately 10:10 p.m. Officer Capehart observed a 1971 Buick automobile proceeding east on the Maricopa Freeway in the vicinity of 7th Avenue. Capehart followed the vehicle for about one mile and saw it continuously weave from the right edge to the left edge of the right-hand lane, occasionally striking the lane divider. Officer Capehart activated his emergency lights and the Buick stopped in the emergency parking lane whereupon the driver and the passenger sitting next to him exchanged positions. Appellant, who was the driver of the vehicle during Capehart's surveillance, was advised of his *Miranda*[1] rights and given a field sobriety test after admitting that he did not have a driver's license in his possession. He failed the test and in light of this and other evidence of intoxication was arrested and taken to the stationhouse where a breathalizer test was administered and resulted in a .16% blood-alcohol reading.

■ In this appeal Cantu argues that there was insufficient evidence presented at the preliminary hearing to constitute probable cause, that the breathalizer results were erroneously admitted into evidence at trial, and that his sentence is excessive.

When the magistrate entered an order holding appellant to answer before the Superior Court on the instant charge, appellant timely moved for new finding of probable cause pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 5.5, alleging that there was no credible evidence of guilt adduced at the initial hearing. The trial court correctly denied the motion as the preliminary hearing transcript discloses that with the exception of the breathalizer reading the evidence upon which appellant was convicted was substantially the same as that introduced at the preliminary hearing. Officer Capehart's testimony at the preliminary hearing was more than ample to con-

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

stitute probable cause and most certainly constituted some credible evidence of appellant's guilt. Therefore, the Superior Court's refusal to grant a new preliminary hearing was proper. See Rule 5.5, supra.

Appellant argues that the trial court should have suppressed the breathalizer results because the test ampule was destroyed by the State prior to his being allowed to independently test it. The first indication of a demand by appellant for an opportunity to examine the ampule is his motion to compel discovery, filed eighty-five days after the test was given. The State in its opposition to the motion informed appellant and the court that the ampule had previously been destroyed. The trial court held the motion to produce as moot and denied appellant's motion to suppress.

Presently our Rules of Criminal Procedure do not require the State to preserve breathalizer test ampules. Our Supreme Court rejected the contention that due process requires the State to produce the ampule for testing in *State v. Superior Court, In And For County Of Maricopa*, 107 Ariz. 332, 487 P.2d 399 (1971), and therein ruled that a defendant must make a prior showing that the requested evidence would aid in his case before the trial court can order production. In that case as in this one there was no prior showing made by the defendant.

Additionally, A.R.S. § 28–692 provides a defendant with the means to refute the results of the breathalizer test by permitting him to obtain an independent blood-alcohol test in addition to that administered by the police officer. This Court has been responsive to the defendant's needs in this regard. See *Smith v. Cada*, 114 Ariz. 510, 562 P.2d 390 (Ct.App.1977) (Review Denied April 5, 1977); *Smith v. Ganske*, 114 Ariz. 515, 562 P.2d 395 (Ct.App.1977) (Review Denied April 5, 1977). There is no evidence in this record to show that appellant attempted to pursue this avenue in order to establish his innocence.

We are aware of the persuasive holding in *People v. Hitch*, 12 Cal.3d 641, 117 Cal. Rptr. 9, 527 P.2d 361 (1974), that where the test ampules would provide information of value to the defendant, the introduction of the breathalizer results by the State following the intentional, although nonmalicious, destruction of the ampules is a violation of due process. In the *Hitch* case, however, there was evidence and findings of fact that the test ampules, if presented, would have provided valuable information to the defendant. This is the critical distinction between that case and the one at hand, as here we have no such evidence or findings. We could not reach a conclusion similar to that reached by the California Supreme Court in *Hitch* on the basis of this record due to this insufficiency of facts necessary to support such a holding.

Where the trial court announces the right result for the wrong reason this Court will not reverse the judgment. *State v. Raboy*, 24 Ariz.App. 586, 540 P.2d 712 (1975); see also, *State v. Sardo*, 112 Ariz. 509, 543 P.2d 1138 (1975). We do not say that appellant's contention would always be unsuccessful given a timely demand and a proper evidentiary showing of materiality and his need of the evidence in order to guarantee a fair trial. See *State v. Superior Court, In And For County Of Maricopa*, supra. However, under these facts the trial court properly rejected appellant's motion to compel discovery and to suppress the breathalizer results.

Lastly, appellant argues that his sentence is excessive. The one-year sentence to the Maricopa County jail is within the statutory limits prescribed for the offense. The evidence shows that appellant has been convicted of driving while intoxicated on three prior occasions in addition to the instant offense, of driving while his license was revoked on three occasions and numerous other moving violations. At sentencing the trial court commented that it is fortuitous that a death has not occurred by reason of appellant's driving and that he has not been deterred from driving while intoxicated by the prior penalties imposed. We concur in the trial court's assessment of the situation and the need for a serious penalty in order to protect society. The

maximum sentence imposed is not excessive in this situation.

Judgment of conviction and sentence affirmed.

JACOBSON, P. J., Department C, and OGG, J., concur.