715 P.2d 764

Michael MONGAN, Kathryn Getzwiller, Janet Hagen, Pearl Dale Back, Carlos D. Matrecito, and Michael A. Carson, Petitioners/Appellants,

v.

PIMA COUNTY SUPERIOR COURT of the State of Arizona, and the Honorable Jack T. Arnold, Respondents/Appellees.

No. 2 CA–CIV 5192.

Court of Appeals of Arizona, Division 2, Department A.

June 10, 1985.

Stephen Paul Barnard, Tucson, for petitioners/appellants.

Frederick S. Dean, City Atty. by Frank W. Kern III, Tucson, for respondents/appellees.

OPINION

ON RECONSIDERATION

BIRDSALL, Presiding Judge.

Our original opinion in this appeal was filed April 17, 1985. On motion for reconsideration, we find that we were wrong. We vacate and withdraw the opinion and decide the appeal by this opinion.

These six appellants were all arrested for violation of A.R.S. § 28–692, driving under the influence (DUI), and all submitted to intoxilyzer tests pursuant to Arizona's implied consent statute, A.R.S. § 28–691. All were tested on a machine which, if desired, would preserve the actual breath sample tested by the machine. Five of the six waived their right to have the tested sample preserved. They did this at the time of the test by signing, on the form provided, a statement that they did not want their breath sample preserved. One appellant, Carlos Matrecito, signed the statement to have the sample preserved, but having been informed that he had thirty days to pick up the sample, failed to do so, and the sample was destroyed. All appellants were likewise informed that they could obtain independent blood tests to determine the amount of blood alcohol. Four signed statements waiving their right to an independent blood test, one signed the form indicating a desire for the blood test, and a

sixth checked the desire for the blood test but did not sign either blank (desiring or waiving) for the test and it is presumed the blood test was not obtained. No blood test results are at issue in this appeal.

Subsequently, appellants moved in Tucson City Court for dismissal of the charges, alleging that their rights had been violated by failure to preserve the breath samples. The motion to dismiss was denied, appellants brought a special action to superior court, and the superior court judge denied relief. This appeal alleges it was error to deny the relief below and also alleges that the proper sanction for destruction of the samples is dismissal of the charges in city court. We affirm.

■ The superior court properly assumed jurisdiction in the special action because this is a matter of continuing public interest affecting a great number of cases and, if relief is warranted, will effectively end the litigation. See *University of Arizona Health Sciences Center v. Superior Court*, 136 Ariz. 579, 667 P.2d 1294 (1983) and *Lawson v. Arnold*, 137 Ariz. 304, 670 P.2d 409 (App.1983).

We believe it has clearly been decided in Arizona that the police must retain evidence that has been secured in the investigation of criminal charges in order to make it available to the defense. In *Scales v. City Court*, 122 Ariz. 231, 594 P.2d 97 (1979), our supreme court held that the test ampul used in a breathalyzer must be retained. In *Baca v. Smith*, 124 Ariz. 353, 604 P.2d 617 (1979), the court held that where the breath sample was completely destroyed in the gas chromatograph intoximeter test, the police had to take and preserve another breath sample for use by the defendant, if requested. In *State v. Mitchell*, 140 Ariz. 551, 683 P.2d 750 (1984), this court required that semen specimens taken from a rape victim had to be preserved by refrigeration. The CMI Intoxilyzer involved in the instant cases enables the police to preserve the very sample tested. Very little extra time and no trouble or costs are involved.

The unanswered question presented here is whether the appellants' uncounseled waiver given simultaneously with the test permits the destruction of the evidence. We hold that it does.

There is no question that a defendant may, without counsel, waive constitutional rights. Cf. *State v. Finn*, 111 Ariz. 271, 528 P.2d 615 (1974) (right to remain silent); *State v. Farmer*, 97 Ariz. 348, 400 P.2d 580 (1965) (unreasonable search). In order to constitute a valid waiver there must be a voluntary and intentional relinquishment of a known right. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Nothing in this record, except perhaps the degree of intoxication, suggests the waiver secured from each appellant was not valid by that standard. Nor does the record show that the degree of intoxication of any appellant prevented a valid waiver. Cf. *State v. Porter*, 122 Ariz. 453, 595 P.2d 998 (1979) (A defendant's intoxication does not necessarily render a confession involuntary.)

■ We turn now to the precise question presented here. In *Baca v. Smith*, supra, our supreme court held that, where the breath sample is destroyed in the testing process, a second sample must be taken and preserved *unless* the defendant waives the requirement. We see very little difference between accepting that waiver and permitting a waiver in the instant case. The only difference is in the type of machine used, one preserves the tested sample, the other does not. This difference has no legal, due process significance.

■ Nor do we believe the constitution requires that the appellant be represented by counsel at the time of this decision. A DUI defendant is not entitled to counsel prior to deciding whether to submit to a breathalyzer test. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971). Nothing in the record suggests any appellant attempted to contact counsel as in *McNutt v. Superior Court*, 133 Ariz. 7, 648 P.2d 122 (1982).

We are aware that in *Scales v. City Court,* supra, our supreme court said that the police may destroy the ampuls after giving the notice and following the procedure required by Rule 28.2(e), Rules of Criminal Procedure, 17 A.R.S. We do not believe that the high court meant that following that rule was the only option open to the police. *Scales* did not involve any waiver, but did not preclude the possibility of waiver. The issue presented in *Scales* was not whether the ampuls had to be preserved until there was compliance with Rule 28.2(e). The question was whether the ampuls had to be preserved at all, the court holding they did. However, the ampuls were to be preserved for use of the appellant. If the appellant waives their preservation, there is no longer any reason to retain them. In a decision filed one year after *Scales,* our supreme court held that:

"Rule 28 is part of Section VII of the Rules of Criminal Procedure, which is entitled 'Post-Verdict Proceedings.' This section regulates events which occur in the criminal process following adjudication of charges. As such, it is generally inapplicable to pretrial discovery which is covered by Section IV, entitled 'Pretrial Procedures.' Pretrial discovery motions such as the one before us are regulated by Rule 15, 17 A.R.S., Rules of Criminal Procedure. Rule 28.2 was therefore irrelevant to defendant's pretrial motion for discovery or in the alternative to suppress." *State v. Superior Court,* 127 Ariz. 175, 177, 619 P.2d 3, 5 (1980).

The instant case is, of course, not concerned with any events occurring after the adjudication of charges.

As to appellant Matrecito, we find that he checked and signed the form indicating he desired his breath sample preserved on June 22, 1983. On July 7, 1983, a copy of the notice of the result and a reminder that the breath sample would be destroyed thirty days after June 22, if not picked up prior to that date, were given to him. The certificate states that a copy was also mailed to Matrecito's attorney. We find he waived the preservation of that breath sample by abandonment. *Schneckloth,* supra. We affirm the trial court as to all the appellants.

HOWARD and FERNANDEZ, JJ., concur.