802 P.2d 1038

The STATE of Arizona, Appellee,

v.

Bret John KEMP, Appellant.

No. 2 CA–CR 90–0163.

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 21, 1990.

Review Granted Jan. 8, 1991.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Randall M. Howe, Phoenix, for appellee.

Yvonne Ayers, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Bret John Kemp appeals from a jury verdict finding him guilty of manslaughter using a dangerous instrument (an automobile), driving a motor vehicle under the influence of intoxicating liquor while his license was suspended and driving a motor vehicle with a .10 percent or more blood alcohol content while his license was suspended. He was sentenced to mitigated, concurrent prison terms, the longest being five years on the manslaughter conviction.

## FACTS

On January 5, 1989, appellant drove into the pathway of an oncoming automobile. The collision caused the death of the other driver.

Police and emergency medical assistance arrived at the scene shortly after the accident. According to police, appellant smelled of alcohol before being taken to the hospital. Less than two hours later Officer Ickes arrived at the hospital to collect a blood sample from appellant. Although appellant had not been placed un-

der arrest, Officer Ickes requested a blood sample and advised appellant that if he did not consent, his license would be suspended. Appellant gave his consent. See A.R.S. § 28–691(B).

Officer Ickes then inquired whether the hospital intended to take appellant's blood for medical purposes and, if so, whether blood had already been drawn. The hospital employee answered in the affirmative to his first question and informed him that blood had not yet been drawn from appellant. Soon thereafter, hospital technicians drew four vials of blood, two for the hospital and two for the police. The record does not show that the hospital ever conducted a blood-alcohol test.

Appellant argued to the trial court that his blood was taken illegally. The trial court denied appellant's suppression motion, and the jury found him guilty of the above-stated offenses. This appeal followed.

## ISSUES

Appellant contends the trial court erred in failing to suppress the blood alcohol results obtained from his blood sample. For the following reasons, we reverse.

## DISCUSSION

Appellant makes essentially two claims related to his suppression argument. First, he asserts that the blood was seized improperly by the state. In the alternative, he argues suppression was required because the police did not advise him of his right to obtain an independent blood test or a portion of the blood sample drawn by the hospital.

The state must show by a preponderance of the evidence that the blood sample was obtained lawfully. *State v. Howard,* 163 Ariz. 47, 785 P.2d 1235 (App.1989). On review, we will consider the facts most favorably to upholding the trial court's ruling. Id. Absent clear and manifest error the ruling will not be disturbed. *State v.*

*Gerlaugh,* 134 Ariz. 164, 654 P.2d 800 (1982); *State v. Howard,* supra.

## I. *A.R.S. § 28–692(M)*

The state may obtain the blood of a person suspected of driving while under the influence pursuant to A.R.S. § 28–692(M). This statute provides:[1]

Notwithstanding any provision of law to the contrary if a law enforcement officer has probable cause to believe that a person has violated this section and a blood sample is taken from that person for any reason a portion of that sample sufficient for analysis shall be provided to a law enforcement officer if requested for law enforcement purposes....

This exception may be invoked "if 1) probable cause exists to believe the person has violated A.R.S. § 28–692(A) or (B), 2) exigent circumstances are present and, 3) the blood is drawn for medical purposes by medical personnel." *State v. Cocio,* 147 Ariz. 277, 286, 709 P.2d 1336, 1345 (1985).

The record shows that probable cause existed to arrest appellant and that the need to measure appellant's blood alcohol shortly after the accident presented the requisite exigent circumstance. Appellant does not argue otherwise. He asserts, however, that the blood was taken solely for law enforcement purposes rather than for medical purposes. He cites two principal reasons in support of his argument.

■ First he contends that the blood was not drawn for medical purposes because Officer Ickes requested the blood sample *prior* to the time the hospital drew appellant's blood and because the blood sample drawn by hospital technicians was obtained with syringes and vials provided by the Department of Public Safety (DPS). However, the hospital technician on duty at the time appellant arrived at the hospital testified that blood samples were ordered from appellant by a physician for routine hematology tests. The fact that the police requested a sample before these tests were performed does not mean that the tests

---

**1.** The legislature has designated A.R.S. § 28–692(M) as A.R.S. § 28–692(J). As amended, it authorizes law enforcement officers to obtain a portion of a suspect's "blood, urine or other bodily substance" and is effective as of June 28, 1990.

were not taken for medical purposes. *State v. Howard,* supra. Similarly, we are unable to see how the use of DPS equipment transforms the purpose of the test.

■ Second, appellant contends that the trial court should have suppressed the test results because the police represented to the hospital that he had consented to providing the police with a blood sample. We find this argument unpersuasive. Even though our implied consent law does not apply in this situation and appellant's "consent" was wrongfully obtained, the hospital personnel were nonetheless obligated to provide the sample requested by the officer. A.R.S. § 28–692(M).

## II. *Offer to Collect a Blood Sample*

■ Finally, appellant argues that the court erred in failing to suppress the blood alcohol results because he was not informed of his right to obtain an independent blood sample or a portion of the sample drawn by the hospital. With this argument, we agree.

In *Montano v. Superior Court,* 149 Ariz. 385, 719 P.2d 271 (1986), the supreme court recognized the "crucial" evidentiary value of a suspect's breath or, as here, blood sample to DUI prosecutions. When the implied consent law set forth in A.R.S. § 28–691(A) and (B) is invoked and the suspect is requested to submit to a chemical sobriety test, if law enforcement officers discard the breath sample, *Scales v. City Court of City of Mesa,* 122 Ariz. 231, 594 P.2d 97 (1979), they must offer to collect and if necessary preserve evidence on behalf of the suspect. *Baca v. Smith,* 124 Ariz. 353, 604 P.2d 617 (1979); *State v. Ramos,* 155 Ariz. 153, 745 P.2d 601 (App. 1987). The *Montano* court concluded that the "essential lesson to be drawn" from previous implied consent cases "is that a defendant must be allowed to counter the state's scientific evidence of intoxication, or evidence of refusal, with *the defendant's own scientific evidence.*" 149 Ariz. at 390, 719 P.2d at 276. (Emphasis added.) We emphasized this holding in a recent decision in which we found no legal distinction between blood and breath samples for purposes of replicate testing. *State ex rel.*

*Dean v. City Court of City of Tucson,* 163 Ariz. 366, 788 P.2d 99 (App.1989).

The cases relied upon in *Montano* differ factually from the one before us in that they concern the invocation of the implied consent law rather than the medical purposes exception of A.R.S. § 28–692(M). We do not find this distinction meaningful for purposes of due process analysis. The implied consent law and medical purposes exception are linked to the same goal of providing the state with an effective means of obtaining dispositive evidence of guilt for driving under the influence (DUI) prosecutions. When the government seizes a breath sample pursuant to the implied consent law, an accused also has the right to obtain a sample. Fairness requires the same result when the government seizes a blood sample pursuant to the medical purposes exception. Therefore, we hold that when law enforcement officers obtain a blood sample pursuant to A.R.S. § 28–692(M), the suspect must be advised of his right to obtain a portion of the same sample. In addition, if the suspect is for any reason incompetent or unable to request a sample of his blood, the government must collect and preserve a sample for the suspect. Because the police did not inform appellant of his right to obtain a portion of the blood sample drawn by the hospital and obtained by the police, the court's order denying suppression of his blood results was error. Because of our disposition of this case, we need not reach the issue of whether a suspect must be advised of a right to obtain an independent blood sample.

We therefore reverse the judgment of conviction on the manslaughter and DUI with a suspended license charges and remand for a new trial. Appellant's conviction of DUI with a .10 percent or more blood alcohol content is dismissed with prejudice. *Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989).

FERNANDEZ, C.J., and ROLL, P.J., concur.