NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ALI NAEEM AL-ZAIDY, *Petitioner.*

No. 1 CA-CR 15-0036 PRPC
FILED 2-28-2017

Petition for Review from the Superior Court in Maricopa County
No. CR1998-010598
The Honorable Robert L. Gottsfield, Judge, *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Ali Naeem Al-Zaidy, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

**J O H N S E N**, Judge:

¶1 Ali Naeem Al-Zaidy petitions this court to review the superior court's dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 In 1998, a jury found Al-Zaidy guilty of attempted second-degree murder, a Class 2 dangerous offense. At sentencing, the superior court found multiple aggravating factors in addition to finding Al-Zaidy had two historical prior felony convictions and that he committed the offense while released from confinement. The court imposed an exceptionally aggravated term of 35 years' imprisonment based not on the sentencing range for first-time dangerous offenders, but on the sentencing range applicable to nondangerous repeat offenders. Al-Zaidy appealed his conviction and sentence, and this court affirmed. *State v. Al-Zaidy*, 1 CA-CR 99-0309 (Ariz. App. Feb. 29, 2000) (mem. decision).

¶3 Pursuant to Arizona Rule of Criminal Procedure 32, Al-Zaidy filed a pro se petition for post-conviction relief in 2000, raising a claim of ineffective assistance of counsel based on his lawyer's failure to challenge the superior court's personal jurisdiction.[1] Al-Zaidy also argued that his sentence was excessive. Finding Al-Zaidy had not presented a claim for relief, the superior court dismissed the petition.

¶4 In 2007, Al-Zaidy filed two successive petitions for post-conviction relief. In both petitions, he argued that the United States Supreme Court's *Blakely* decision probably would change his sentence because the superior court judge, not the jury, found aggravating factors at sentencing. *See Blakely v. Washington*, 542 U.S. 296 (2004). Al-Zaidy also

_____

[1] In an earlier Rule 32 proceeding, Al-Zaidy's appointed counsel conducted a review and found no claims for relief existed. The superior court three times extended the time by which Al-Zaidy was required to file a pro se petition for post-conviction relief, but he did not do so. As a result, the court summarily dismissed the first petition.

argued his sentence was cruel and unusual and, therefore, unconstitutional under the Eighth Amendment. The court dismissed the petitions because *Blakely* did not apply retroactively to Al-Zaidy's case, and the Eighth Amendment challenge was precluded under Rule 32.2(a). *See State v. Febles*, 210 Ariz. 589, 591, ¶ 1 (App. 2005) (*Blakely* does not apply retroactively to cases on collateral review).

**¶5** In 2014, Al-Zaidy filed a "Petition for Writ of Habeas Corpus" in superior court, again challenging the lawfulness of his sentence. The superior court construed the filing as a petition for post-conviction relief pursuant to Rule 32.3 and dismissed it because, among other things, it was untimely and did not raise a claim under Rule 32.1(d), (e), (f), (g) or (h). *See* Ariz. R. Crim. P. 32.4(a) (establishing time limits for commencing Rule 32 proceedings). This petition for review followed.

**¶6** As he did in superior court, Al-Zaidy argues he should have been sentenced as a first-time dangerous offender, not as a repetitive offender.

**¶7** "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). We are obliged to uphold the superior court if the result is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464 (1984); *State v. Cantu*, 116 Ariz. 356, 358 (1977).

**¶8** Any claim that could have been (or was) raised on direct appeal or in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). Preclusion does not apply to claims raised pursuant to Rule 32.1(d), (e), (f), (g) or (h). Although Rule 32.1(c) specifically provides as a ground for relief a sentence that is "not in accordance with the sentence authorized by law," claims under this subsection are not exempt from preclusion. Ariz. R. Crim. P. 32.2(a), (b). And despite Al-Zaidy's assertion to the contrary, even if a sentencing error is fundamental, it may be waived for purposes of Rule 32. If the supreme court "had intended that fundamental error be an exception to preclusion under Rule 32.2, the court presumably would have expressly said so in the rule itself." *Swoopes*, 216 Ariz. at 403, ¶ 42.

**¶9** Pursuant to Rule 32.4(a), Al-Zaidy's petition for post-conviction relief was untimely, he did not raise a claim under Rule 32.1(d), (e), (f), (g) or (h), and he could have raised the purported sentencing error in his direct appeal. Moreover, Al-Zaidy's claim of error also fails on the merits. *See State v. Laughter*, 128 Ariz. 264, 269 (App. 1980) (statutory

scheme permits a defendant convicted of a dangerous offense to be sentenced to the increased terms applicable to repeat nondangerous offenders).  Accordingly, the superior court appropriately denied Al-Zaidy's petition for post-conviction relief.  No abuse of discretion occurred.

¶10        We grant review and deny relief.

