NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

SHAUN KORY BOLIN, *Petitioner.*

No. 1 CA-CR 15-0675 PRPC
FILED 5-2-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-007268-001
The Honorable Jo Lynn Gentry, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Shaun Kory Bolin, San Luis
*Petitioner*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**         Shaun Kory Bolin petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure 32.[1] For the following reasons, we grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Bolin pled guilty to arson of an occupied structure, a class 2 dangerous felony. In doing so, Bolin agreed to pay restitution to the victims in an amount not to exceed $2,500,000, and stipulated to a prison sentence of between ten and 15 years. The superior court imposed an aggravated 15-year term.

**¶3**         Bolin timely filed a notice of post-conviction relief, after which the court conducted a restitution hearing and ordered Bolin to pay $110,320.87 to the victims' insurance carrier. Bolin's assigned PCR counsel reviewed the record and information provided by Bolin, but was unable to find any claims for relief. Bolin timely filed an *in persona propria* Rule 32 petition, raising claims of ineffective assistance of counsel based on (1) trial counsel's failure to investigate and present mitigating evidence at sentencing regarding his mental health, (2) trial counsel's "erroneous" advice regarding the applicable sentencing statute and her purported promise to Bolin before he accepted the plea agreement that he would be sentenced to the presumptive term of 10.5 years, and (3) trial, restitution, and PCR counsel's failure to "test the amount of restitution." Bolin also argued the imposed prison term exceeded the aggravated maximum sentence permitted by law. The superior court summarily denied the petition and Bolin's subsequent Motion for Rehearing. This timely petition for review followed.

---

[1]         Absent material revision after the date of an alleged offense, we cite a statute's or rule's current version.

## DISCUSSION

**¶4**　　　　"We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). We are obliged to uphold the trial court if the result is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464 (1984); *State v. Cantu*, 116 Ariz. 356, 358 (App. 1977).

**¶5**　　　　Regarding his claims of ineffective assistance of trial counsel, Bolin argues the superior court erred by finding he failed to provide sufficient information showing how the purported mitigation would have affected the sentence, and he repeats his argument that trial counsel promised he would receive a presumptive sentence. Regarding trial counsel's purported failure to adequately research the issue of restitution, Bolin argues the superior court erred by finding he failed to provide information that showed he was ordered to pay more than the fair market value of the property. In support, Bolin included a computer printout apparently indicating the subject property was sold in August 2012, almost seven months after the date of the offense, for $110,000.

**¶6**　　　　To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 669–70 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). The burden is on the petitioner seeking post-conviction relief to show ineffective assistance of counsel, and the showing must be that of a provable reality, not mere speculation. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). The superior court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel. *State v. Borbon*, 146 Ariz. 392, 399 (1985).

**¶7**　　　　The superior court did not err by summarily rejecting Bolin's claims of ineffective assistance of trial counsel. Bolin provided no evidence with his petition, such as affidavits or medical records, to support his assertions of "mental disabilities[,] childhood problems[,] [and] marriage problems;" indeed, Bolin did not even specify what those disabilities and problems were. *See* Ariz. R. Crim. P. 32.5 (requiring petitioner to attach "affidavits, records, or other evidence currently available to the defendant supporting the allegations"). Bolin also failed to support a conclusion that trial counsel's performance fell below objectively reasonable standards. *See State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) ("[To raise a colorable claim of ineffective assistance of appellate counsel], the petitioner must offer

evidence of a reasonable probability that but for counsel's unprofessional errors, the outcome of the appeal would have been different."). As for the promises trial counsel allegedly made with respect to sentencing, Bolin expressly informed the court at the change-of-plea hearing that no promises were made to induce him to plead guilty, or otherwise made outside those in the plea agreement.

¶8  The court also properly dismissed Bolin's claim of ineffective assistance of counsel related to restitution and PCR counsel. Despite his assertion that the restitution award was greater than the fair market value of the victim's home, Bolin made no argument—and provided no supporting authority—regarding his claim that the plea agreement contemplated limiting the restitution amount to fair market value of the home. Assuming that it did, the $110,320.87 restitution award imposed is certainly within the fair market value of the $110,000 sale price of the computer printout submitted by Bolin.

¶9  Regarding the lawfulness of his sentence, Bolin contends the court erred by concluding Arizona Revised Statutes ("A.R.S.") section 13-704(A) applies to his arson conviction. According to Bolin, the plea agreement refers to § 13-702, not § 13-704(A), therefore requiring sentencing under the former. Bolin, however, pled guilty to arson as a dangerous felony offense. Thus, as a first-time felony offender, Bolin was subject to the sentencing range in § 13-704(A), not § 13-702, which applies to a first felony conviction that is a non-dangerous offense. *Compare* A.R.S. § 13-702(A), *with* A.R.S. § 13-704(A). Accordingly, the presumptive term of imprisonment for Bolin's arson conviction was 10.5 years, and the maximum was 21 years. A.R.S. § 13-704(A). Although Bolin is correct regarding the inaccurate statutory reference in the plea agreement, the court and the prosecutor correctly advised Bolin before he accepted the plea of the correct applicable range in § 13-704(A), and they reminded Bolin of his stipulation to serve a ten to 15-year prison term. Bolin acknowledged the court's explanation without asserting he was subject to a lesser sentencing range as a non-dangerous first offender. The imposed 15-year term was well below the maximum sentence of 21 years provided in § 13-704(A).

¶10  Finally, relating to the discrepancy between §§ 13-702 and -704(A), Bolin, as he did in the superior court, argues trial counsel's assistance was ineffective because her "failure to research the applicable statute . . . and counsel's misadvice [sic] concerning how much time the defendant could receive . . . constitutes ineffective assistance of counsel." The record belies Bolin's assertion that counsel provided him with mistaken advice. As noted, the court and the prosecutor repeatedly informed Bolin

of the applicable sentence under § 13-704(A), and neither Bolin nor his counsel challenged these advisements. Indeed, before he pled guilty, Bolin personally argued for an amended plea agreement containing a lesser stipulated prison term because "sit[ting] around prison for ten or 15 years" would hinder restitution payments to the victims.

**CONCLUSION**

¶11 The superior court did not abuse its discretion by denying Bolin's petition for post-conviction relief. Accordingly, we grant review but deny relief.

