NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRYAN GENE FELIX, *Petitioner*.

No. 1 CA-CR 15-0736 PRPC
FILED 5-11-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-157059-001
The Honorable William L. Brotherton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Bryan Gene Felix, Phoenix
*Petitioner*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

**B E E N E**, Judge:

¶1    Bryan Gene Felix petitions this Court for review from the dismissal of his untimely petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32 ("Rule 32"). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2    A jury found Felix guilty of discharge of a firearm at a structure, endangerment, and disorderly conduct, all dangerous felony offenses. The trial court imposed aggravated concurrent prison sentences, the longest of which was 12 years. This Court affirmed Felix's convictions and sentences. *State v. Felix*, 1 CA-CR 13-0540, 2014 WL 4104131 (Ariz. App. Aug. 12, 2014) (mem. decision). The mandate was issued September 26, 2014, and filed in superior court four days later.

¶3    Felix filed an untimely notice for post-conviction relief on January 5, 2015, raising a claim of ineffective assistance of counsel and a claim under Rule 32.1(f). *See* Ariz. R. Crim. P. 32.1(f) (untimeliness of notice was without fault on the defendant's part), 32.4(a) (requiring notice of post-conviction relief be filed within 30 days after this Court issues its mandate in the direct appeal). The trial court dismissed the notice as untimely, noting Felix failed to provide a sufficient factual or legal basis to support his assertion that the untimeliness was through no fault of his own. *See* Ariz. R. Crim. P. 32.2(b) (reasons for untimely claim under Rule 32.1(f) must be set forth in notice). Felix unsuccessfully requested a rehearing, and the trial court granted Felix's motion for permission to file a delayed petition for review.

¶4    On review, as he did in superior court, Felix argues the trial court should have excused the untimely filing of his notice because he was "in detention," and the conditions of his incarceration prohibited him from filing the notice in a timely manner.

¶5    "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). We are obliged to uphold the trial court if the result is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464 (1984); *State v. Cantu*, 116 Ariz. 356, 358 (1977). If an untimely notice of post-conviction relief does not present meritorious, substantiated claims and does not indicate why the defendant failed to raise the claim in a timely manner, "the notice shall be summarily dismissed." Ariz. R. Crim. P. 32.2(b).

**¶6**      Felix provides no citation to, or application of, legal authority to support his assertion that the trial court erred in dismissing his notice. "Merely mentioning an argument is not enough . . . ." *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004) (citation omitted). To the extent Felix argues the court erred by failing to address the "difficulties [of confinement] . . . reiterated more fully in his motion for rehearing" and raises arguments for the first time in his petition for review—for example, that "his unit was under lockdown," "[i]t's tough being in jail in prison," and paperwork exists to support his claims—such arguments are improper. *See* Ariz. R. Crim. P. 32.6(d) (petitioner may not amend a petition for post-conviction relief to raise new issues absent leave of court upon a showing of good cause); *State v. Carriger,* 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief."); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988) (appellate court will not consider meritorious issues not first presented to the trial court).

**¶7**      Felix fails to establish the trial court's abuse of discretion in denying his untimely notice of post-conviction relief. Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA