NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KENNETH MANYGOATS, *Petitioner*.

No. 1 CA-CR 15-0451 PRPC
FILED 5-23-2017

Petition for Review from the Superior Court in Coconino County
No. S0300CR201200586
The Honorable Dan R. Slayton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By William P. Ring
*Counsel for Respondent*

Kenneth Manygoats, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

**¶1** Petitioner, Kenneth Manygoats, petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2** A jury found Manygoats guilty on three of four charged counts: kidnapping, sexual abuse, and assault.[1] Manygoats' defense at trial was mistaken identity. After finding Manygoats had five prior felony convictions and caused emotional harm to the victim, the trial court imposed concurrent, aggravated prison terms for the kidnapping and sexual abuse convictions, the longest of which was 17 years. The court sentenced Manygoats to time served for the assault conviction. On direct appeal, this court affirmed the convictions and sentences. *State v. Manygoats*, 1 CA-CR 13-0070, 2013 WL 6095597 (Ariz. App. Nov. 19, 2013) (mem. decision).

**¶3** Manygoats filed a timely notice and petition for post-conviction relief. In his petition, Manygoats raised a claim of ineffective assistance of trial counsel based on counsel's alleged failure to conduct a thorough pre-trial investigation. Specifically, Manygoats argued counsel should have investigated the booking police officer's purported observation of the absence of scratch marks on Manygoats' arms. According to Manygoats, the booking officer's testimony to this effect would have impeached the arresting officer's notation in his report that, when he confronted Manygoats soon after the reported crimes occurred and near the crime scene, he observed fresh scratch marks on Manygoats' left arm. Manygoats also raised in his petition an ineffective assistance of counsel claim based on counsel's failure to object to the prosecutor's purported attempts to condition the jury during voir dire. The trial court summarily denied the petition, and this timely petition for review followed.

**¶4** "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007) (citation omitted). We are obliged to uphold the trial court if the result is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984); *State v. Cantu*, 116 Ariz. 356, 358, 569 P.2d 298, 300 (App. 1977).

---

[1] The jury returned a "not guilty" verdict on one count of attempted sexual assault.

¶5            On review, Manygoats argues the trial court erred in concluding that, regardless whether Manygoats' arm had visible scratches at the time of his arrest, contradicting evidence on that point would not have affected the verdicts. Manygoats also argues the court erred in finding he failed to establish a colorable ineffective assistance of counsel claim based on counsel's failure to object to the prosecutor's questions to the jury during voir dire.

¶6            Although the petition for review provides general law regarding the standards for resolving ineffective assistance of counsel claims and the proper purpose of voir dire, the petition does not (1) provide substantive arguments that support the ineffective assistance of counsel claims; (2) identify any legal authority that applies to the ineffective assistance of counsel claims; (3) apply legal authority to facts that support the ineffective assistance of counsel claims; or (4) provide citations to the record.[2]  And although appendices are permissible under Rule 32.9(c)(1), the purpose of an appendix is to support references to the record on review, not circumvent the necessity of presenting a fully and independently developed argument supported by legal authority and citation to the record.  *See* Ariz. R. Crim. P. 32.9(c)(1)(iv).  Further, Manygoats merely asserts that counsel was ineffective.  Ineffective assistance of counsel must be a demonstrable reality rather than a matter of speculation.  *State v. McDaniel*, 136 Ariz. 188, 198, 665 P.2d 70, 80 (1983), *abrogation on other grounds recognized in State v. Walton*, 159 Ariz. 571, 593-94, 769 P.2d 1017, 1039-40 (1989) (Feldman, J., concurring).  Manygoats has abandoned and waived his improperly presented and supported arguments.

¶7            Manygoats also implies that the trial court fundamentally erred in denying his ineffective assistance of counsel claim based on counsel's lack of pre-trial investigation.  There is no fundamental error

---

[2]            Notably, Manygoats does not point out where in the record the arresting officer *testified* that he observed scratches on Manygoats' arm. Also, we do not address Manygoats' ineffective assistance of counsel claim based on his assertion that the lack of scratch marks undermined the probable cause required for his arrest.  He did not raise this argument in his petition for post-conviction relief, and a petition for review may not present issues not first presented to the trial court.  *See State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *modified on other grounds*, 164 Ariz. 485, 794 P.2d 118 (1990); *State v. Bortz*, 169 Ariz. 575, 577-78, 821 P.2d 236, 238-39 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

review in a post-conviction relief proceeding. *State v. Smith*, 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996).

**¶8** Manygoats fails to establish an abuse of discretion by the trial court in denying the petition for post-conviction relief. Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA