NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RAFAEL ANGEL JARAMILLO, *Petitioner*.

No. 1 CA-CR 15-0671 PRPC
FILED 7-25-2017

Petition for Review from the Superior Court in Maricopa County
Nos. CR2008-030698-001
CR2008-031235-001
The Honorable Hugh E. Hegyi, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Robert J. Campos & Associates PLC, Phoenix
By Robert J. Campos
*Counsel for Petitioner*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler[1] joined.

**D O W N I E**, Judge:

**¶1**  Rafael Angel Jaramillo petitions for review from the dismissal of his petition for post-conviction relief ("PCR") filed in CR 2008-031235 pursuant to Arizona Rule of Criminal Procedure 32.[2] For the following reasons, we grant review but deny relief.

**¶2**  A jury found Jaramillo guilty of six counts of armed robbery, six counts of kidnapping, and one count of misconduct involving weapons. After finding that Jaramillo had two historical prior felony convictions, the court sentenced him to presumptive concurrent terms of 15.75 years' imprisonment for the armed robbery and kidnapping convictions. The court imposed a presumptive concurrent ten-year term for the misconduct involving weapons offense. On direct appeal, this Court affirmed Jaramillo's convictions and sentences, and the mandate issued on December 8, 2011. *State v. Jaramillo*, 1 CA-CR 10-0722, 2011 WL 3211083 (Ariz. App. July 28, 2011) (mem. decision).

**¶3**  Jaramillo filed a notice for PCR on January 18, 2012. In the ensuing petition, he argued, *inter alia*, that his appellate counsel was ineffective by failing to raise, on appeal, "the trial court's finding that the State's pretrial identification of [Jaramillo] was not unduly suggestive." After an evidentiary hearing, the superior court determined the pretrial identification was not unduly suggestive and also concluded Jaramillo's filing was untimely. The court dismissed his petition, and this timely petition for review followed.

---

[1] The Honorable Donn Kessler, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] Jaramillo does not challenge his convictions in CR 2008-030698. Accordingly, we address only the proceedings in CR 2008-031235.

¶4        "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). We will affirm the trial court's ruling if legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464 (1984); *State v. Cantu*, 116 Ariz. 356, 358 (App. 1977).

¶5        We assume for the sake of argument that Jaramillo's PCR filings were timely. The relevant substantive inquiry, then, is whether appellate counsel's failure to raise the pretrial identification issue on appeal fell below objectively reasonable standards, causing prejudice to Jaramillo. *See Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Nash*, 143 Ariz. 392 (1985). To raise a colorable claim of ineffective assistance of appellate counsel, "the petitioner must offer evidence of a reasonable probability that but for counsel's unprofessional errors, the outcome of the appeal would have been different." *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995).

¶6        At the evidentiary hearing, Jaramillo offered no evidence that appellate counsel's failure to raise the line-up issue amounted to an "unprofessional error" or that, had counsel raised the issue, the outcome of his direct appeal would have been different. Although Jaramillo's lawyer argued that appellate counsel was ineffective, arguments of counsel are not evidence. *State v. King*, 110 Ariz. 36, 42 (1973). Instead of focusing on appellate counsel's conduct, Jaramillo presented testimony from a retired police officer, who opined that the line-up was unduly suggestive. But absent evidence that appellate counsel's failure to raise the issue fell below prevailing professional norms and would have changed the outcome on direct appeal, the ineffective assistance of counsel claim predicated on that issue fails. Moreover, the superior court's ruling on the substantive issue — which it explained in some depth — is supported by the record and applicable law, particularly given the abuse of discretion standard applicable to such rulings. *See State v. Prion*, 203 Ariz. 157, 160, ¶ 14 (2002).

## CONCLUSION

¶7        For the foregoing reasons, we grant review but deny relief.

