845 P.2d 487

**The STATE of Arizona, Appellee,**

v.

**Craig Alan WOODY, Appellant.**

**2 CA–CR 90–0923.**

Court of Appeals of Arizona,
Division 2, Department B.

July 14, 1992.

Review Denied Feb. 17, 1993.

**562**

Grant Woods, Atty. Gen. by Paul J. McMurdie and Randall M. Howe, Phoenix, for appellee.

James S. Alexander, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was convicted by a jury of manslaughter, driving while under the influence of intoxicating liquor (DUI), and driving with a blood alcohol content (BAC) over .10 percent. The trial court found that he had two prior felony convictions and sentenced him to an aggravated, enhanced term of 20 years' imprisonment on the manslaughter charge and to two concurrent six-month jail sentences on the DUI misdemeanors. The court found as aggravating circumstances appellant's numerous prior felonies and the fact that he had been incarcerated several times.

At 1:00 a.m. on December 23, 1989, appellant was driving his girlfriend's vehicle on the wrong side of Orange Grove Road in excess of 60 miles per hour when he struck the victim's pickup truck head-on. The victim died later that day, and appellant was seriously injured. Because appellant had an odor of alcohol on his breath, a deputy sheriff requested a sample of his blood pursuant to A.R.S. § 28–692(M), now subsection (J). A Department of Public Safety criminalist subsequently tested the sample. She testified that appellant had a BAC of .2039 at the time the blood was taken, which she translated to a BAC of .2142 at the time of the accident.

Appellant contends that his convictions should be reversed because 1) the state was permitted to introduce evidence of a previous DUI conviction, 2) his motion to suppress the blood test results should have been granted, 3) he was denied a fair trial because of prosecutorial misconduct, and 4) the court sentenced him as a third-time nondangerous offender despite the jury's finding that the manslaughter count was a dangerous nature offense. We disagree and affirm.

## ADMISSION OF PRIOR DUI

■ During pretrial proceedings, the state sought to introduce evidence of appellant's nine previous arrests for DUI pursuant to Rule 404(b), Ariz.R.Evid., 17A A.R.S. The state argued that the evidence was admissible to show appellant's reckless indifference to human life, the required mens rea for the second-degree murder charge on which he had been indicted. Appellant opposed the motion, arguing that 1) his prior DUIs did not show that he was especially aware of the commonly-known dangers of drunk driving, 2) admission of the evidence would violate Evidence Rule 403 because it would unduly prejudice him, and 3) his prior DUIs were not sufficiently similar to the facts of this case to show reckless indifference.

After an evidentiary hearing on the circumstances of the prior arrests, the court ruled that one previous conviction was admissible. In its ruling, the court noted that the conviction was closer in time to the accident in this case and the facts of the incident were relevant to those in this case.

At trial, a deputy sheriff testified that on December 3, 1985, at 1:39 a.m., he had observed a car drive past him on Wetmore Road in Tucson traveling at a high rate of speed and with its highbeam headlights showing. The deputy turned on his emergency lights and siren and pursued the car. The car turned into a gas station, and when the deputy caught up with it, drove back onto Wetmore and through a residential neighborhood at speeds up to 60 miles per hour. When the car finally stopped, appellant "kind of rolled" out of the car as

though he were going to charge the patrol car. Appellant stipulated that he was convicted of DUI as a result of that arrest.

■ Appellant contends that the court erred in admitting the evidence, arguing that it was not relevant for any purpose permitted by Rule 404(b). Evidence of a prior crime, act, or wrong cannot be introduced to prove a defendant's mental state unless it is similar to the act for which the defendant is on trial. *United States v. Miller*, 874 F.2d 1255 (9th Cir.1989). The prior act need not be factually identical to the crime at issue, however. It is sufficient for purposes of Rule 404(b) if it can permit the jurors to infer either that the defendant intended the act in question or had knowledge of its consequences. *United States v. Spillone*, 879 F.2d 514 (9th Cir.1989), *cert. denied*, 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990).

In *United States v. Fleming*, 739 F.2d 945 (4th Cir.1984), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 973 (1985), the defendant argued that the trial court had erroneously admitted into evidence his driving record that listed several previous DUI convictions. In affirming, the appellate court stated:

> The driving record would not have been admissible to show that defendant had a propensity to drive while drunk. Fed. R.Evid. 404(b). However, the driving record was relevant to establish that defendant had grounds to be aware of the risk his drinking and driving while intoxicated presented to others.

*Id.* at 949. In this case, the facts of appellant's prior conviction were sufficiently similar for the jurors reasonably to conclude that as a result of it, appellant was made aware of the risks he posed to others in driving while under the influence. Thus, the evidence was relevant to the issue of whether appellant's mental state reflected a reckless indifference to human life.

■ The admission of prior bad acts evidence is within the trial court's discretion, and this court will not reverse the exercise of that discretion absent an abuse. *State v. Robinson*, 165 Ariz. 51, 796 P.2d 853 (1990), *cert. denied*, 498 U.S. 1110, 111 S.Ct. 1025, 112 L.Ed.2d 1107 (1991). " 'Abuse of discretion' has been defined as an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *Williams v. Williams*, 166 Ariz. 260, 265, 801 P.2d 495, 500 (App.1990). We find no abuse of discretion in the court's ruling here.

### DENIAL OF MOTION TO SUPPRESS BAC RESULTS

■ Appellant filed a motion to suppress the results of the tests that were performed on the blood sample obtained by the police, arguing that the state had neither preserved an independent sample for the defendant's use nor informed him that he had a right to obtain an independent sample. Appellant's arguments were based on this court's ruling in *State v. Kemp*, 166 Ariz. 339, 802 P.2d 1038 (App.1990), which was decided between the time of appellant's arrest and his trial. That decision, however, was vacated in *State v. Kemp*, 168 Ariz. 334, 813 P.2d 315 (1991), when the supreme court ruled that law enforcement officers were not required to inform a suspected drunken driver that he had a right to obtain a portion of the sample taken pursuant to A.R.S. § 28–692(J) so long as the sample is available for testing at the time of trial.

In this case, the trial court conducted an evidentiary hearing on the viability of the blood sample the DPS criminalist had tested. She testified that the sample was contained in a tube with a preservative in the stopper, that she used only one milliliter of the four milliliters in the tube for her tests, that the tube was refrigerated while it was in the lab, and that the sample would be good for several months under the conditions in which it had been kept.

Appellant argues that the testimony was insufficient to show that the sample was available for independent testing at the time of trial because the sample had been drawn December 23, 1989, and the trial did not begin until October 23, 1990. He also argues that his trial counsel was unaware that the sample existed until a week prior

to trial. The record reflects, however, that the state disclosed the existence of the sample much earlier than appellant claims. On April 5, 1990, the state disclosed the criminalist as a witness and also indicated that chain of custody witnesses would testify. The specific chain of custody witnesses were disclosed April 16. No other item of evidence was the subject of chain of custody testimony. Finally, an April 12 letter from the prosecutor to defense counsel expressly stated that chain of custody documents for "the blood sample" had been recently disclosed. The prosecutor then inquired whether defense counsel would stipulate to the chain of custody evidence. Moreover, appellant offered no evidence that he had ever attempted to have the sample tested and been unable to. In light of the testimony about the sample and the facts that appear in the record, we find no error in the court's refusal to suppress the results of the tests conducted on the blood sample.

## PROSECUTORIAL MISCONDUCT

In both her opening statement and closing argument, the prosecutor stated that appellant was "in fact" guilty of the crimes with which he was charged. She also briefly stated in her closing argument that appellant had been convicted of DUIs despite the evidence that he had only one prior conviction. Finally, she referred to the fact that the victim's family had been present throughout the trial. Appellant argues that the three instances of misconduct denied him his right to a fair trial.

■ Appellant did not object to either reference to the fact of his guilt. He also did not object when the prosecutor stated that he had been convicted of "DUIs." Failure to object to prosecutorial misconduct waives the issue on appeal absent fundamental error. *State v. Cook,* 170 Ariz. 40, 821 P.2d 731 (1991). Prosecutorial misconduct constitutes fundamental error only when it is "so egregious as to deprive the defendant of a fair trial." *State v. Hernandez,* 170 Ariz. 301, 307, 823 P.2d 1309, 1315 (App.1991). We agree with appellant that a prosecutor's opinion of a

defendant's guilt is immaterial and should not be stated to a jury. *State v. Byrd,* 109 Ariz. 10, 503 P.2d 958 (1972). Considering, however, the substantial evidence of appellant's guilt, the fact that the court instructed the jury that the arguments of counsel are not evidence, and the fact that the jury found appellant guilty of the lesser-included offense of manslaughter, we find no fundamental error in the statements.

■ Appellant did object, however, when the prosecutor referred to the victim's family, and the court sustained the objection. At the conclusion of the arguments, appellant moved for a mistrial, which the court denied. The court subsequently cautioned the jury that the presence or absence of anyone in the courtroom during the trial had no relevance to the case. Appellant has offered no reason why the curative instruction should not have been effective, and we see none. We find no error.

## ILLEGALITY OF SENTENCE

Appellant's remaining contention is that the court improperly sentenced him on the manslaughter count. He argues that he should have been sentenced as a first-time dangerous offender pursuant to A.R.S. § 13–604(G) because the conviction was his first dangerous nature conviction. Instead, the court sentenced him as a repetitive offender under A.R.S. § 13–604(D) after it found that he had two prior nondangerous convictions. This court recently addressed this same argument and rejected it in *State v. Smith,* 171 Ariz. 54, 828 P.2d 778 (App. 1992). We reject appellant's contention for the same reasons.

Affirmed.

DRUKE, P.J., and HATHAWAY, J., concur.