NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CESAR ALEJO CORDOVA, *Appellant.*

No. 1 CA-CR 16-0048
FILED 12-15-2016

---

Appeal from the Superior Court in Apache County
No. S0100CR201300191
The Honorable Michael P. Roca, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Emily L. Danies, Tucson
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**H O W E**, Judge:

¶1        Cesar Alejo Cordova appeals his convictions and sentences for one count of possession of methamphetamine and one count of possession of drug paraphernalia. He argues that the trial court erred by denying his motion to suppress evidence found during a search of his home because the authorizing search warrant lacked sufficient probable cause. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In the summer of 2013, the Apache County Sheriff's Office investigated a murder. When deputies arrested the murder suspects, they seized a gun that they later learned was one of two that had been stolen during a home burglary a few months earlier. After a series of interviews with witnesses and suspects in that case, deputies learned that one of the murder suspects had traded the second stolen gun in a black plastic carrying case with Cordova in exchange for two grams of methamphetamine. Deputies also learned, however, that Cordova in turn had traded the gun with another man. In a follow-up interview with the man to whom Cordova had allegedly traded the gun, the man admitted that he had the gun and told deputies that he received it from Cordova as partial payment for a 1964 Chevrolet pickup truck that he had sold to Cordova. After their interview, the man gave the deputies the gun, which matched the description and serial number of the second stolen gun.

¶3        Later that day, one of the deputies applied for a search warrant for Cordova's house, stating generally that he believed the house contained evidence of trafficking in stolen property and possession of drugs for sale. The supporting six-page affidavit detailed the investigation into the murder and burglary, including the many witnesses and suspects the deputies interviewed and the recovery of both stolen guns. The affiant deputy specifically avowed that in addition to the two guns and the black plastic case, several gun cartridges and extra magazines were also reported stolen. Further, the affiant avowed that one of the murder suspects traded one of the stolen guns and a black plastic carrying case with Cordova for drugs, and that Cordova gave the gun as a partial payment on a 1964 Chevrolet truck. This transaction allegedly occurred at Cordova's house. According to the affidavit, when the deputies recovered the gun from the man to whom Cordova traded it, they received only the gun. The man told deputies that he had received the gun without any extra magazines and that Cordova had told him that was the condition he received it in as well. The magistrate issued a search warrant that same day.

¶4             The deputies then executed the search warrant at Cordova's house. In doing so, deputies found the 1964 Chevrolet pickup truck and the truck's title. Deputies also found methamphetamine, a digital scale, and two smoking pipes with marijuana residue. The State charged Cordova with possession of a dangerous drug (methamphetamine) and possession of drug paraphernalia.[1]

¶5             Before trial, Cordova moved to suppress the evidence found in his house. He argued that the affidavit supporting the search warrant did not establish probable cause and was deficient for three reasons. Cordova argued first that the information that the affiant deputy relied on in seeking the warrant came from unreliable sources because they were criminals who had motives to lie. He argued second, that the information contained in the affidavit was stale because most of the events mentioned in it were at least four months old. Cordova argued finally that the warrant did not specify what "ongoing criminal activity" the deputy expected to find at the house.

¶6             The State opposed the motion, arguing that the information in the affidavit was reliable because it came from named sources and was verified as the investigation progressed. The State also argued that the information was not stale because the deputies followed up with the information as soon as it became available to them, and to the extent that the warrant was invalid, the trial court should deny the motion to suppress under the good faith exception. After hearing oral arguments and taking testimony from the affiant deputy, the trial court denied the motion. It stated that the affidavit supporting the search warrant "on its face establishes probable cause" to search the house.

¶7             A jury ultimately convicted Cordova of one count of possession of a dangerous drug (methamphetamine) and one count of possession of drug paraphernalia. The trial court suspended sentencing and ordered that Cordova serve concurrent terms of 4 years' and 3 years' probation, respectively, for each charge. Cordova timely appealed.

**DISCUSSION**

¶8             Cordova argues that the trial court erred by denying his motion to suppress the evidence found in his home because probable cause did not support the warrant and was therefore invalid. We review the trial

---

[1]     The State also charged Cordova with two counts relating to trafficking of stolen goods, but those charges proceeded under a different case number and are not at issue in this appeal.

court's denial of a motion to suppress for an abuse of discretion. *State v. Payne*, 233 Ariz. 484, 502 ¶ 42, 314 P.3d 1239, 1257 (2013). In doing so, we only consider the evidence presented at the suppression hearing and view the facts in the light most favorable to upholding the trial court's ruling. *State v. Yonkman*, 233 Ariz. 369, 371 ¶ 4, 312 P.3d 1135, 1137 (App. 2013). An abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563, 845 P.2d 487, 489 (App. 1992). We review de novo, however, whether a warrant complied with the requirements of the Fourth Amendment to the United States Constitution. *State v. Davolt*, 207 Ariz. 191, 202 ¶ 21, 84 P.3d 456, 467 (2004). Because the search warrant and the affidavit contained information establishing probable cause, the trial court did not err by denying Cordova's motion to suppress the evidence found in his house.

**¶9**        The United States and Arizona Constitutions require that a search warrant may only be issued when supported by probable cause. U.S. Const. amend. IV; Ariz. Const. art. 2, § 8. The Fourth Amendment prohibits the issuance of a general warrant and instead requires that a warrant be based on a showing of "probable cause, supported by Oath . . . particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also* A.R.S. § 13–3913. In determining whether the requisite probable cause exists, the issuing magistrate must "make a practical common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A reviewing court's duty is to ensure that the magistrate had a substantial basis to conclude that probable cause existed. *Id.* at 238–39. When police conduct a search pursuant to a search warrant, the search is presumed lawful and the defendant bears the burden of invalidating it. Ariz. R. Crim. P. 16.2(b).

**¶10**        Here, probable cause supported the authorizing search warrant because, given all of the circumstances, a fair probability existed that contraband or evidence would be found there. At the time that the affiant deputy applied for the search warrant, he knew that two guns had been stolen, one of which had been recovered when they stopped and arrested the murder suspects. The deputy knew that the second gun had been traded in its black plastic carrying case to Cordova in exchange for two grams of methamphetamine. However, when they recovered the gun from the man with whom Cordova subsequently traded it for the pickup truck, they recovered only the gun. Nothing in the affidavit states that the deputies also recovered the black plastic case from the man. When he gave

the gun to the deputies, the man told them that he did not receive any extra magazines with the gun and that Cordova had told him that was the condition in which he received the gun. The man also told deputies that the transaction occurred at Cordova's house. Because deputies had information that Cordova received the gun from the murder suspect with the black case, however, a fair probability existed that Cordova still had the stolen case in his possession and at his house. The black plastic case is evidence of the trafficking of stolen property. *See* A.R.S. § 13–2307(A) (stating that "[a] person who recklessly traffics in the property of another that has been stolen is guilty of trafficking in stolen property in the second degree."). Additionally, although the deputies did not have any specific information that the other stolen items—namely the cartridges and magazines—were at Cordova's house, deputies knew that the items were still missing and that Cordova had engaged in a transaction with the suspected thief for at least two stolen goods. Accordingly, given the totality of these circumstances, the trial court had substantial basis to conclude that probable cause existed.[2]

¶11          Further, because probable cause supported the search warrant, the evidence obtained during its execution was not seized illegally. Arizona law permits an officer to "seize any property discovered in the course of the execution of the warrant, even if the warrant does not enumerate that property, under certain circumstances." A.R.S. § 13–3916(C). One of those circumstances is when the property consists of any item or evidence which "tends to show that a particular public offense has been committed." A.R.S. § 13–3912(4). During the execution of the valid warrant on Cordova's home here, the deputies found methamphetamine, a digital scale, and pipes with drug residue. These items tend to show that particular public offenses, possession of a dangerous drug and paraphernalia, has been committed. Thus, the deputies rightfully seized those items regardless whether the warrant specifically enumerated them. Accordingly, the trial court did not err in denying Cordova's motion to suppress that evidence.

---

[2]          Because probable cause supports the search warrant, we need not address Cordova's argument on whether the good faith exception applies.

## CONCLUSION

¶12          For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA