NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

DARIUS AGBOGHIDI, *Respondent*.

No. 1 CA-CR 15-0123 PRPC
FILED 9-26-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2004-135085-002
The Honorable Michael D. Gordon, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Petitioner*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

**¶1**   The State of Arizona petitions for review of the grant of post-conviction relief to Darius Agboghidi. We have considered the petition for review and grant review and relief.

**¶2**   Agboghidi, 16 years old at the time of his 2004 offenses, pled guilty to first-degree murder, a class 1 felony, and burglary in the first degree, a class 2 felony. The superior court sentenced him to "life with the possibility of parole after 25 years" and a concurrent 21 years' term of imprisonment for the burglary. By statute, however, Agboghidi was not actually eligible for parole under former Arizona Revised Statutes ("A.R.S.") section 41-1604.09(I). At that time, A.R.S. § 41-1604.09(I) made parole available only to a "person[] who commit[ted] felony offenses before January 1, 1994."

**¶3**   Agboghidi timely filed a petition for post-conviction relief, raising claims of involuntary plea and ineffective assistance of counsel. The superior court summarily dismissed the petition, but on review, this court granted relief and remanded for an evidentiary hearing. *State v. Agboghidi*, 1 CA-CR 09-0717 (Ariz. App. Mar. 15, 2011) (mem. decision). After the hearing, the superior court again denied relief. This court granted review, but denied relief. *State v. Agboghidi*, 2 CA-CR 2013-0103 (Ariz. App. May 13, 2013) (mem. decision).

**¶4**   In August 2012, Agboghidi filed a second notice of post-conviction relief, claiming the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), was a significant change in the law that entitled him to relief. In *Miller*, the Court held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 465. The superior court summarily dismissed the notice. Without reaching the merits of Agboghidi's claim, this court granted review and relief, holding the superior court abused its discretion in

prematurely dismissing the proceeding at the notice stage and remanded for further proceedings on the claim. *State v. Agboghidi*, 2 CA-CR 2013-0497 (Ariz. App. Apr. 21, 2014) (mem. decision).

**¶5**        On remand, the superior court cited the recent passage of H.B. 2593, which enacted A.R.S. § 13–716 and amended A.R.S. § 41–1604.09(I). 2014 Ariz. Sess. Laws, ch. 156, § 2 (2d Reg. Sess.). Noting H.B. 2593 re-instituted parole for juvenile offenders sentenced to life with the possibility of release, including those sentenced *before* the law became effective, the superior court directed Agboghidi to explain why this legislation did not render his claim moot. In response, Agboghidi filed a petition for post-conviction relief, arguing that, pursuant to *Miller*, Arizona's sentencing scheme for first-degree murder is unconstitutional as applied to juveniles and H.B. 2593 violated *ex post facto* principles. Further, H.B. 2593 did not render his claim moot because it could not be applied retroactively pursuant to Arizona Statutes and the United States and Arizona Constitutions.

**¶6**        The State opposed the petition, relying on this court's decisions in *State v. Vera*, 235 Ariz. 571 (App. 2014) and *State v. Randles*, 235 Ariz. 547 (App. 2014). This court engaged in a different analysis of the issue in *Vera*, 235 Ariz. at 578, ¶¶ 26-27, and *Randles*, 235 Ariz. at 550-51, ¶¶ 9-10. In both cases, however, this court held the statutory changes in H.B. 2593 complied with *Miller*, and the superior court was not required to resentence a juvenile who had previously received a life sentence in violation of *Miller*. *Vera*, 235 Ariz. at 578, ¶¶ 26-27; *Randles*, 235 Ariz. at 550-51, ¶¶ 9-10.

**¶7**        The superior court nevertheless granted relief and agreed to resentence Agboghidi, without explanation. Agboghidi requested clarification of the order, but after stating "the [c]ourt finds that Ariz. Rev. Stat. Ann. §§ 13-716 and 41-1604.09 apply in this case," the superior court reaffirmed its intention to resentence. The State asked the superior court to review its ruling de novo, and the superior court again reaffirmed its intention to resentence. This court stayed the resentencing pending decision on the State's petition for review.

**¶8**        On review, the State argues the trial court erred by granting relief and ordering a resentencing because A.R.S. § 13-716 and A.R.S. § 41-1604.09 apply to Agboghidi by operation of law, without further judicial action. We review a superior court's ruling on a petition for post-conviction relief for abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441 (1986). An abuse of discretion occurs if the court makes an error of law or exercises its

discretion on untenable grounds or for untenable reasons. *See State v. Wall*, 212 Ariz. 1, 3, ¶ 12 (2006); *State v. Woody*, 173 Ariz. 561, 563 (App. 1992).

**¶9**        *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016); *State v. Valencia*, 241 Ariz. 206, 209, ¶¶ 14-15 (2016).  However, "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, 136 S. Ct. at 736 (citation omitted).  Therefore, even if Agboghidi's sentence violated *Miller*, H.B. 2593 and the resulting statutory changes remedied that violation. Arizona law now provides:

> Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994.

A.R.S. § 13–716. Further, any person sentenced to life imprisonment and who is eligible for parole pursuant to A.R.S. § 13–716 is now expressly subject to the parole eligibility provisions of A.R.S. § 41–1604.09. A.R.S. § 41–1604.09(I)(2).   Therefore, Agboghidi now has a meaningful opportunity to be placed on parole once he completes 25 years of his sentence.

**¶10**        Indeed, this court has already considered and rejected the arguments regarding the separation of powers, the retroactivity of H.B. 2593, and the resulting legislative changes. *See Vera*, 235 Ariz. at 576-77, ¶¶ 19–22 (H.B. 2593 is not impermissibly retroactive and does not impermissibly infringe on the role of the judiciary). There is nothing presented by Agboghidi that persuades us to reconsider these holdings. Regarding Agboghidi's *ex post facto* argument, he claimed A.R.S. § 13–716 violates the *ex post facto* doctrine because the statute "takes away the vested right to a hearing to be absolutely discharged from parole, instead requiring defendants to remain on parole for the remainder of their lives." In 1993 the legislature abolished parole, which impliedly abolished the right to absolute discharge from parole. A.R.S. § 41–1604.09(I). Thus, when Agboghidi committed his offenses in 2004, he had neither a right to parole nor a vested right to obtain absolute discharge from parole.

**¶11** The superior court is bound by the decisions in *Vera* and *Randles*. *See State v. Patterson*, 222 Ariz. 574, 580, ¶ 20 (App. 2009) ("The superior court is bound by our decisions, regardless of the division out of which they arise."). Both concluded that resentencing was not required for juvenile prisoners in Agboghidi's situation. Accordingly, the superior court erred in ordering Agboghidi to be resentenced.

**¶12** For the foregoing reasons, we grant review and relief on the State's petition. We vacate the superior court's order granting Agboghidi relief and setting a resentencing hearing.



AMY M. WOOD • Clerk of the Court
FILED: AA