NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DEMOORE TERRELLE GRAY, *Petitioner*.

No. 1 CA-CR 19-0324 PRPC

FILED 4-30-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2017-133594-001
The Honorable Gregory Como, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Demoore Terrelle Gray, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop, Judge Maria Elena Cruz, and Judge David B. Gass delivered the decision of the Court.

**PER CURIAM**:

**¶1**      Demoore Terrelle Gray petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 33.[1]  We have considered the petition and, for the reasons stated, grant review and deny relief.

**¶2**      Gray pleaded guilty to theft of means of transportation and was subsequently sentenced on August 13, 2018, to 4.5 years' imprisonment.  On April 18, 2019, Gray filed an untimely notice of post-conviction relief ("Notice"), referring generally to a purported deficiency in his waiver of rights when he pleaded guilty. Gray also asserted his sentence was improper because the superior court allegedly considered an "inelligable [sic] prior conviction."  Further, Gray stated his forthcoming petition would raise both an equal protection claim and a challenge to the superior court's jurisdiction.  Finally, Gray explained the untimeliness of the Notice was not his fault but "[d]ue to the lack of a law library here in ADOC."

**¶3**      The superior court summarily dismissed the Notice because Gray failed to adequately explain why it was over five months late.  *See* Ariz. R. Crim. P. 33.2(b)(1), 33.4(b)(3)(A), (D).  Gray timely filed a petition for review.

**¶4**      We review the superior court's dismissal order for an abuse of discretion, Ariz. R. Crim. P. 33.2(b)(1), 33.4(b)(3)(D), which is Gray's burden to establish.  *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).  Abuse of discretion is "an exercise of discretion [that] is manifestly unreasonable, exercised on untenable grounds or for untenable reasons."

---

[1]      Effective January 1, 2020, our supreme court amended the post-conviction relief rules.  *See* Order Abrogating Current Rule 32 of the Arizona Rules of Criminal Procedure and Adopting New Rule 32 and Rule 33 and Related Provisions, Arizona Court Order No. R-19-0012 (Adopted Aug. 29, 2019).  The rules relating to defendants who plead guilty are now codified in Rule 33.  The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice."  Order at 2.  Because there were no substantive changes to the respective rules related to this decision, we apply and cite to the current rules.

*State v. Woody*, 173 Ariz. 561, 563 (App. 1992) (quoting *Williams v. Williams*, 166 Ariz. 260, 265 (App. 1990)).

¶5         To pursue post-conviction relief, a pleading defendant generally must file a notice within ninety days after the oral pronouncement of sentence. Ariz. R. Crim. P. 33.1, 33.4(b)(3)(A). The court may summarily dismiss a notice as untimely if it is not filed within ninety days, *State v. Rosario*, 195 Ariz. 264, 266, ¶ 7 (App. 1999), unless the defendant "adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D); *see also* Ariz. R. Crim. P. 33.2(b)(1). When making certain claims that are specified in the Rule—including a challenge to the court's jurisdiction—a pleading defendant must file a notice "within a reasonable time after discovering the basis for the claim" and "explain the reasons for not raising the claim . . . in a timely manner." Ariz. R. Crim. P. 33.4(b)(3)(B), 33.2(b)(1). A failure to provide an adequate explanation provides the superior court with discretion to summarily dismiss the notice. Ariz. R. Crim. P. 33.2(b)(1).

¶6         Gray explained the untimeliness of his Notice as follows:

> The defendant claims that he is not liable for any delayed claim. Due to the lack of a law library here in ADOC. [sic] The defendant claims that his delay in filing his notice of post-conviction relief was no fault of his own. The defendant claims that he has been victimized a [sic] prejudiced because the institutions fail to provide case law or anything to base any points of authority on.

¶7         The superior court's summary dismissal of the Notice was not an abuse of discretion. Based on his explanation, Gray clearly knew the Notice was late.[2] Merely mentioning the "lack of a law library" does not explain the untimeliness, nor does his assertion on review that he was "forced to create" a form PCR notice because the superior court did not

---

[2]     The record also reflects that at sentencing the superior court supplied Gray with a form titled "Notice of Rights of Review after Conviction in Superior Court." That form expressly informs defendants their PCR notices must be filed within ninety days of sentencing. *See* Ariz. R. Crim. P. Form 23 (2018). Although the court acknowledged it did not obtain Gray's signature apparently confirming his receipt of the form, Gray did not assert in his Notice that he was unaware of the requirement it be filed within ninety days of sentencing.

provide him one. Thus, as the superior court correctly noted, Gray failed to adequately explain why he filed the Notice over five months after it was due. Gray has not established an abuse of discretion.

¶8        Regarding Gray's other arguments in the petition for review, his unsupported assertion that the superior court's dismissal of the Notice was "bias[ed]" fails to overcome the presumption that the court was unbiased. *See State v. Carver*, 160 Ariz. 167, 173 (1989) ("Bare allegations of bias and prejudice, unsupported by factual evidence, are insufficient to overcome the presumption of impartiality . . . ."); *State v. Curry*, 187 Ariz. 623, 631 (App. 1996) ("Disagreements over rulings are insufficient to support recusal [on basis of purported judicial bias].").

¶9        We further reject Gray's argument that he is entitled to relief because the State did not "raise a defense of untimeliness." Gray cites no authority for the proposition that an untimely notice requires a response before the court may dismiss it, and his reliance on *Eberhart v. United States*, 546 U.S. 12 (2005), is unavailing. In that federal criminal case, the United States Supreme Court concluded the government could not, for the first time on appeal, raise the defendant's untimeliness in seeking a new trial as a basis for finding the district court lacked jurisdiction to grant the new trial motion. *Eberhart*, 546 U.S. at 14-20 (rejecting government's argument that district court lacked jurisdiction to consider defendant's untimely supplemental new trial motion and concluding federal procedural time-limit rule is not a jurisdictional one that can be raised at any time, but rather is a "claim-processing rule" that the government was required to raise in district court). Here, Gray failed to comply with a state procedural rule's time requirement for providing notice that he intended to seek relief from his guilty plea. And nothing in Rule 33 contemplates a response to a notice for post-conviction relief. *See* Ariz. R. Crim. P. 33.4.

¶10        We grant review and deny relief.

