NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GARY LEE NYE, *Petitioner*.

No. 1 CA-CR 19-0318 PRPC
1 CA-CR 19-0319 PRPC
(Consolidated)

FILED 5-12-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2015-103855-001 DT
CR2017-116201-003 DT
The Honorable John Christian Rea, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

Vingelli & Company, Law Offices, PLLC, Scottsdale
By John N. Vingelli
*Counsel for Petitioner*

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop, Judge Maria Elena Cruz, and Judge David B. Gass delivered the decision of the Court.

**PER CURIAM**:

**¶1**        Gary Lee Nye petitions this court for review of the dismissal of his petition for post-conviction relief ("PCR") filed pursuant to Arizona Rules of Criminal Procedure 32 and 33.[1]  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In Maricopa County Superior Court case number CR2015-103855-001 DT ("the 2015 Case"), Nye was charged with the following offenses: possession of dangerous drugs for sale, a class two felony; sale or transportation of dangerous drugs, a class two felony; possession of drug paraphernalia, a class six felony; and prostitution, a class one misdemeanor. At his arraignment, the State informed Nye he faced a minimum of 10.5 years' incarceration, and presumptively 15.75 years' incarceration, if he was convicted at trial.  The State also noted its plea offer provided Nye an 8.5-year flat-time prison term followed by probation.[2]

---

[1]        Effective January 1, 2020, our supreme court amended the rules on post-conviction relief.  *State v. Botello-Rangel*, 1 CA-CR 19-0332 PRPC, 2020 WL 896477, at *1, ¶ 1 n.1 (Ariz. App. Feb. 25, 2020) (citing Order Abrogating Current Rule 32 of the Arizona Rules of Criminal Procedure and Adopting New Rule 32 and Rule 33 and Related Provisions, Arizona Court Order No. R-19-0012 ("Order") (Adopted Aug. 29, 2019)).  Rule 33 now codifies the rules relating to defendants who plead guilty. *Id.*  The amended rules apply to cases pending on the effective date unless "applying the rule or amendment would be infeasible or work an injustice."  *Id.* (quoting Order at 2).  Because there were no substantive changes to the respective rules related to this decision, we apply and cite to the current rules. *See id.*

[2]        In his PCR petition and petition for review, Nye alternately refers to a plea offer of 8.5 and two years in prison.  His citation to the record, however, establishes that the offer at issue was for 8.5 years.

**¶3**       Nye did not accept the offer before he absconded.  He was tried *in absentia*.  At trial, the court dismissed the sale or transportation of dangerous drugs charge upon the State's motion, and the jury found Nye not guilty of possession of dangerous drugs for sale.  However, the jury returned guilty verdicts on the lesser-included offense of possession of dangerous drugs and the two remaining charges.

**¶4**       Before sentencing in the 2015 Case, the State charged Nye in Maricopa County Superior Court case number CR2017-116201-003 DT ("the 2017 Case") with two counts each of armed robbery and kidnapping, and one count each of theft of a means of transportation and burglary in the first degree.  Nye eventually pled guilty to one count of kidnapping, a class two felony, and the State agreed to dismissal of the five remaining charges.  At sentencing for both cases, the superior court imposed concurrent prison terms for the three felony convictions, the longest of which was eight years for the possession of dangerous drugs offense in the 2015 Case.

**¶5**       Nye did not appeal in the 2015 Case.  He did, however, file a timely consolidated notice of post-conviction relief under both case numbers.  In his subsequent PCR petition, Nye claimed his appointed counsel provided ineffective assistance during plea negotiations in the 2015 Case and failed to properly advise him of his right to appeal in that case.  The superior court summarily dismissed the petition.  Nye timely seeks review.

## ANALYSIS

**¶6**       Absent an abuse of discretion, we will not disturb the superior court's ruling on a petition for post-conviction relief.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).  "'Abuse of discretion' has been defined as an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons."  *State v. Woody*, 173 Ariz. 561, 563 (App. 1992) (quoting *Williams v. Williams*, 166 Ariz. 260, 265 (App. 1990)).  The petitioner bears the burden of establishing an abuse of discretion.  *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶7**       Nye contends the superior court erred by dismissing his PCR petition without first conducting an evidentiary hearing to determine the factual circumstances of his ineffective assistance of counsel ("IAC") claim.  Repeating the three allegations he made in superior court, Nye (1) asserts plea counsel failed to advise him of the risks associated with rejecting the plea and proceeding to trial; (2) faults counsel for failing to "*advocate* for acceptance of the government's [plea] offer"; and (3) implies counsel did not properly advise him of his appeal rights after trial.

¶8            Counsel rendering ineffective assistance that causes a defendant to reject a favorable plea and proceed to trial is a cognizable post-conviction claim. *State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000). To survive summary dismissal of such a claim, a defendant must raise in his or her petition "some factors that demonstrate that the attorney's representation fell below the prevailing objective standards." *State v. Borbon*, 146 Ariz. 392, 399 (1985); *accord State v. Santanna,* 153 Ariz. 147, 150 (1987) (recognizing that "[p]roof of ineffectiveness must be to a demonstrable reality rather than a matter of speculation" and courts are required to give effect to a presumption of competence absent contrary evidence in an "unsupplemented record"). Thus, to state a colorable claim, "[t]he petitioner must offer some demonstration that the attorney's representation fell below that of the prevailing objective standards . . . [and] some evidence of a reasonable probability that, but for counsel's unprofessional errors, the outcome of the [proceeding] would have been different." *State v. Rosario,* 195 Ariz. 264, 268, ¶ 23 (App. 1999) (citations omitted).

¶9            Bearing these standards in mind, we address Nye's allegations in turn. First, underlying the allegation that plea counsel failed to properly advise Nye of the risks associated with rejecting the plea offer is the premise that Nye would have accepted the offer because it was more favorable than the result he obtained at trial. Perhaps recognizing that the 8.5-year plea offer was not as favorable as the 8-year sentence imposed after his trial in the 2015 Case, Nye implies the plea offer was favorable because it provided for fewer felony convictions than resulted from trial. Nye did not, however, submit with his PCR petition an affidavit avowing that, at the time of the offer, he would have accepted it for *that* purported reason had counsel "properly" advised him. Absent such an avowal, Nye failed to raise a material factual issue because counsel's file notes, which Nye did attach to his petition, establish Nye rejected the plea offer based on his desire for a more lenient sentence than the 8.5 years (followed by probation) it provided. But more fundamentally, Nye did not present *evidence*—or any fact already in the record—supporting his general allegation that plea counsel provided objectively deficient advice; thus, he left unchallenged the presumption that counsel abided by prevailing objective standards.

¶10            Second, Nye acknowledges that a defense lawyer's failure to encourage his or her client to accept a plea offer is only recognizable as IAC when the "defendant has no reasonable prospect of success at trial." *See Boria v. Keane*, 99 F.3d 492, 497 (2d Cir. 1996) (finding IAC where defense counsel failed to inform his client that, based on counsel's experience, an acquittal at trial "was almost impossible," and counsel did not attempt to persuade the client to accept a favorable plea offer). Here, Nye not only

had a prospect for success at trial, but he had actual success as illustrated by the dismissal of one charge and the jury's not guilty verdict on another. And importantly, Nye fails to therefore establish prejudice resulting from counsel's representation; the sentence he received after trial was six months *less* than the sentence in the plea offer. *See Donald*, 198 Ariz. at 414, ¶ 21 ("A defendant may inferentially show prejudice [resulting from counsel's deficient advice regarding a plea offer] by establishing a serious negative consequence, such as receipt of a substantially longer or harsher sentence than would have been imposed as a result of a plea.").

¶11 Third, regarding Nye's IAC claim based on counsel's alleged failure to notify him of his appeal rights, Nye asserts that little or no indication was found in the trial file that he was apprised of his appellate rights or the timeframe to file a notice of appeal. This claim is without merit. The record reflects Nye acknowledged receiving written notice of his appeal rights at sentencing, and he was further informed of those rights orally by the trial court.

¶12 In sum, Nye did not present a material factual issue regarding either counsel's purportedly deficient representation or any resulting prejudice. Accordingly, Nye failed to raise a colorable claim of IAC, and the superior court therefore did not abuse its discretion by summarily dismissing Nye's PCR petition. *See State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988) (recognizing a PCR petitioner must present a colorable claim to be entitled to an evidentiary hearing).

¶13 Finally, regarding the 2017 Case, Nye cryptically asserts, "the ineffective assistance . . . in the [2015 Case], cascaded into the [2017 Case]." Because whatever claim Nye refers to in the 2017 Case is apparently contingent on the viability of his IAC claim in the 2015 Case—a claim we have found is not colorable—Nye's claim related to the 2017 Case necessarily fails.

**CONCLUSION**

¶14 We grant review but deny relief.

