NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN VINCENT BELLINO, *Petitioner*.

No. 1 CA-CR 20-0457 PRPC
FILED 4-8-2021

---

Appeal from the Superior Court in Maricopa County
No. CR 2018-118327-001
No. CR 2018-001542-001
The Honorable Dewain D. Fox, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

John Vincent Bellino, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop joined.

---

**M c M U R D I E**, Judge:

**¶1**        John Vincent Bellino petitions this court to review the summary dismissal of his two notices of post-conviction relief (the "PCR Notices") filed under Arizona Rule of Criminal Procedure 33.[1] We have considered his petition and, for the reasons stated below, grant review but deny relief.

**¶2**        Bellino pled guilty to the possession or use of dangerous drugs and misconduct involving weapons in two separate cases. On August 26, 2019, the superior court sentenced Bellino to concurrent terms of 4.5 years' imprisonment per the plea agreements. On July 28, 2020, Bellino filed the PCR Notices. Bellino checked boxes on each notice indicating that he intended to raise claims of newly discovered evidence and excusable failure to timely file a notice of post-conviction relief. *See* Ariz. R. Crim. P. 33.1(e), (f). Bellino recognized that he failed to timely file the notices. The PCR Notices contained no information related to either claim, and the only explanation Bellino offered for their untimeliness was that "[n]ewly [d]iscovered material facts came to view after sentencing."

**¶3**        The superior court summarily dismissed the PCR Notices, finding, *inter alia*, that Bellino had failed to explain adequately why they were more than eight months late. Ariz. R. Crim. P. 33.2(b)(1).

**¶4**        We review the superior court's dismissal order for an abuse of discretion, Ariz. R. Crim. P. 33.2(b)(1), 33.4(b)(3)(D), which is Bellino's burden to establish. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

---

[1]        Bellino asserts the superior court improperly converted his Rule 32 claims into Rule 33 claims. Because Bellino pled guilty to the criminal offenses related to the notices of post-conviction relief, the court properly characterized the notices as made under Rule 33. Ariz. R. Crim. P. 33.1 ("A defendant may file a notice requesting post-conviction relief under this rule if the defendant pled guilty . . . to a criminal offense[.]").

An abuse of discretion is "an exercise of discretion [that] is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563 (App. 1992) (quoting *Williams v. Williams*, 166 Ariz. 260, 265 (App. 1990)).

**¶5**　　　　A pleading defendant must file a notice within 90 days after the sentence's oral pronouncement to pursue post-conviction relief. Ariz. R. Crim. P. 33.1, 33.4(b)(3)(A). The court may summarily dismiss a notice as untimely if it is not filed within 90 days, *State v. Rosario*, 195 Ariz. 264, 266, ¶ 7 (App. 1999), unless the defendant "adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D); *see also* Ariz. R. Crim. P. 33.2(b)(1). When making specified claims under the Rules—including claims of newly discovered evidence and a failure to timely file a notice of post-conviction relief—a pleading defendant must file a notice "within a reasonable time after discovering the basis for the claim" and "explain the reasons for not raising the claim . . . in a timely manner." Ariz. R. Crim. P. 33.4(b)(3)(B); Ariz. R. Crim. P. 33.2(b)(1). When a defendant fails to explain an untimely notice adequately, the superior court may summarily dismiss it. Ariz. R. Crim. P. 33.2(b)(1).

**¶6**　　　　The superior court did not abuse its discretion by summarily dismissing the PCR Notices. By checking the box indicating the PCR Notices were untimely, Bellino clearly understood they were late but offered only that "[n]ewly [d]iscovered material facts came to view after sentencing" as an explanation for the untimeliness. Bellino provided no details about when these "material facts came to view" or any other information relevant to his claims' timeliness. Thus, Bellino failed to explain why he filed the PCR Notices over eight months after they were due.

**¶7**　　　　For the first time in his petition for review, Bellino asserts that "newly discovered material [came] to light" once he was given "[f]ull access to [his] case file." But Bellino again offers no details concerning *when* he received the case file and did not bring this information to the superior court's attention in the PCR Notices. Ariz. R. Crim. P. 33.16(c)(2)(B) (limiting petition for review to "issues the trial court decided"). Accordingly, we conclude the court correctly dismissed the PCR Notices under Rule 33.2(b)(1).[2]

---

[2]　　　　Because we conclude the superior court did not abuse its discretion by summarily dismissing the PCR Notices, we need not address Bellino's claims concerning Rule 33.1(e) and (f) in his petition for review.

¶8        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA