NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TOLLIE BERNON MATTHEWS, III,[1] *Appellant*.

No. 1 CA-CR 20-0478
FILED 9-30-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-002041-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

[1] This caption is amended as reflected. The amended caption shall be used on all further documents filed in this appeal.

_____

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge David B. Gass and Judge James B. Morse Jr. joined.

_____

**W I L L I A M S**, Judge:

¶1        Tollie Bernon Matthews, III appeals his convictions and sentences for manslaughter, two counts of aggravated assault, two counts of endangerment, and two counts of aggravated driving under the influence ("DUI"). He argues the superior court erred by admitting evidence of his prior DUI conviction as other-act evidence under Arizona Rule of Evidence 404(b). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        J.N. was driving southbound on Dysart Road with his friend, A.M., in the passenger seat when Matthews' vehicle struck them from behind, launching them into oncoming traffic. J.N.'s vehicle collided with two other vehicles and caught fire. A.M. died at the scene. J.N. and the occupants of the other two vehicles were injured but survived.

¶3        Matthews, who had fallen asleep with his foot on the accelerator, continued south at a high rate of speed, ultimately coming to a stop after hitting a curb. Police interviewed Matthews at the scene and observed that Matthews' eyes were "droopy" and "watery," "his speech was slow and slurred," "he was swaying," and he "was having a hard time maintaining his balance," indicating he was "under the influence of something."

¶4        Matthews was arrested and his blood was drawn pursuant to a search warrant. After initial denials, Matthews later admitted that he had taken two Oxycodone pills fifteen minutes before driving. The blood draw revealed that Matthews had both Oxycodone and Alprazolam (also known as Xanax) in his system. Sedation and problems with balance and coordination are side effects of both drugs—side effects that can interfere with a person's ability to drive.

¶5        At the time of the collision, Matthews had a prior misdemeanor conviction for DUI and was required to have an ignition

interlock device on any vehicle he drove. Although he was aware of this requirement, the vehicle did not have an ignition interlock device.

**¶6**      The State charged Matthews with manslaughter, a Class 2 dangerous felony (Count 1); two counts of aggravated assault, each a Class 3 dangerous felony (Counts 2 and 3); two counts of endangerment, each a Class 6 dangerous felony (Counts 4 and 5); and two counts of aggravated DUI, each a Class 4 felony (Counts 6 and 7).

**¶7**      The jury found Matthews guilty as charged. The trial court sentenced Matthews to concurrent fifteen-year terms of imprisonment for Counts 1 and 2 and imposed lesser concurrent terms of imprisonment for Counts 3 through 5. As to Counts 6 and 7, the court imposed a consecutive five-year probation tail. This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶8**      Matthews argues the court erred by admitting evidence of his prior DUI conviction under Arizona Rule of Evidence 404(b) to show he understood the risk of causing a collision while driving under the influence. Because Matthews did not raise an objection either before or during trial, he forfeited appellate relief absent fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 145, ¶ 38 (2018).

**¶9**      Rule 404(b) prohibits evidence of other acts "to prove the character of a person in order to show action in conformity therewith" but allows such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b)(1)-(2). Evidence of a prior crime, act, or wrong may be introduced to prove a defendant's mental state if it is similar to the act for which the defendant is on trial. *State v. Woody*, 173 Ariz. 561, 563 (App. 1992). Admissibility, however, does not hinge on the prior act being factually identical to the crime at issue. *Id.* Rather, the act may be admitted under Rule 404(b) if it can permit the jurors to infer that the defendant had knowledge of the consequences of the act in question. *Id.*

**¶10**      Before trial, the State moved under Rule 404(b) to admit evidence of Matthews' prior DUI conviction to show the mental state of criminal recklessness. At trial, the court ruled the prior DUI conviction was admissible under Rule 404(b) to show Matthews was "on notice" of the risk of driving while impaired and provided the jury a limiting instruction to consider evidence of the prior DUI only as it related to Matthews' mental

state in the current matter. At Matthews' insistence, no evidence was admitted concerning the circumstances under which Matthews' prior DUI occurred. We review for an abuse of discretion the trial court's decision to admit evidence under Rule 404(b). *State v. Beasley*, 205 Ariz. 334, 337, ¶ 14 (App. 2003).

**¶11**        Matthews argues the court erred in admitting the prior DUI conviction to prove his mental state because it was "too remote in time" and because there was no evidence demonstrating that the prior DUI was factually similar to the instant DUI. Matthews has shown no error.

**¶12**        Evidence of a prior DUI is relevant to the issue of whether a defendant "was made aware of the risks he posed to others in driving while under the influence," *Woody*, 173 Ariz. at 563, and a nine-year gap between the prior act and the current offense does not automatically preclude its admissibility, *see State v. Fernane*, 185 Ariz. 222, 226 (App. 1995) (as corrected) (noting that a fifteen-year gap between prior acts and current offenses did not automatically preclude the admissibility of the evidence). While Matthews complains there was a lack of evidence to show his prior DUI was sufficiently similar to the instant case, it is sufficient that he has a prior conviction for driving under the influence and there was evidence in this case that Matthews was, again, driving under the influence at the time of the collision. *See Woody*, 173 Ariz. at 563 (recognizing that a defendant's prior act can be introduced to prove a defendant's mental state when the prior act is similar enough to the act for which the defendant is on trial, such that a jury can infer that the defendant had knowledge of the consequences of the act in question).

**¶13**        But even if the admission of Matthews' prior DUI constituted error, Matthews has failed to show prejudice. *See State v. Martin*, 225 Ariz. 162, 166, ¶ 14 (App. 2020) ("To warrant reversal under fundamental error review . . . [d]efendant must show prejudice; that is, he must show that absent error, a reasonable jury could have reached a different result.").

**¶14**        The State produced substantial evidence of Matthews' guilt, including that Matthews was aware of and had previously experienced the side effects of Oxycodone and Alprazolam, that both drugs, known for their sedative effects, were found in his blood, that Matthews initially denied and then admitted to law enforcement that he had taken two Oxycodone fifteen

minutes prior to driving,[2] and, by his own account, had fallen asleep while driving. The State also presented the testimony of multiple witnesses who saw Matthews' vehicle barrel into J.N.'s vehicle setting off the chain of events that led to A.M.'s death and injuries to three others. Given the nature and extent of the evidence, Matthews has failed to show fundamental error. *See State v. Naranjo*, 234 Ariz. 233, 247, ¶ 64 (2014) (finding that improperly admitted other-acts evidence did not constitute fundamental, prejudicial error "[g]iven the nature and extent" of the other evidence presented).

## CONCLUSION

¶15            Matthews' convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2] Although at trial Matthews denied taking drugs the morning of the collision, the credibility of Matthews' trial testimony and the weight given to his testimony was within the province of the jury. *See State v. Bustamante*, 229 Ariz. 256, 258, ¶ 5 (App. 2012).