NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

RUBEN PLAZA-UZETA, *Petitioner.*

No. 1 CA-CR 24-0279 PRPC

FILED 03-06-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2003-018302-002
The Honorable Daniel G. Martin, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Ruben Plaza-Uzeta, Oxford, Wisconsin
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Phillip D. Garrow
*Counsel for Respondent*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

**T H U M M A**, Judge:

**¶1**          Ruben Plaza-Uzeta petitions this court for review of the superior court's dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 33.1 (2025).[1] The court has considered the petition for review and, for the reasons stated, grants review but denies relief.

**¶2**          In 2004, Plaza-Uzeta pled guilty to drive by shooting, a Class 2 felony. The written plea agreement stated Plaza-Uzeta agreed to a term of no more than eight years in prison and restitution not to exceed $250,000. Plaza-Uzeta was sentenced to five years of imprisonment.

**¶3**          Plaza-Uzeta is in federal custody on unrelated matters. In 2023, Plaza-Uzeta filed a motion for clarification of judgment of his conviction for drive by shooting, arguing that, at the time he pled guilty, he could not read or speak English and "had no idea of what he signed." He also argued his attorney misled him by not explaining that an element of drive by shooting was discharging the firearm, which meant he was innocent because the victim had identified someone else as the shooter. The court denied the motion without prejudice and stated the proper request for relief for a claim of innocence was a Notice Requesting Post-Conviction Relief (Notice).

**¶4**          Plaza-Uzeta then filed a Notice claiming innocence under Rule 33.1(h), but failed to explain why it took him 20 years to file or why he was entitled to a post-conviction relief. The superior court dismissed the notice because "Mr. Plaza-Uzeta must assert substantive claims and adequately explain the reasons for their untimely assertion" and he failed to do so. He filed a motion for reconsideration seeking to explain his claim of innocence, which the court denied for lack of good cause. Plaza-Uzeta then timely filed a petition for review by this court.

**¶5**          The court reviews the superior court's decision for an abuse of discretion and will uphold that decision "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508 ¶ 7 (2015) (citations omitted). An abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563 (App. 1992) (citation omitted).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶6**　　　　To be eligible for relief, a defendant must strictly comply with the post-conviction relief rules. *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005) (citing cases). Rule 33.1(h) allows for post-conviction relief on the grounds of actual innocence. Claims of actual innocence must be filed "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B). If a Rule 33.1(h) claim is raised in an untimely post-conviction notice, "the defendant must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2. Otherwise, "the court may summarily dismiss the notice." *Id.*

> Under the "within a reasonable time" standard, the passage of time alone cannot preclude relief . . . . Instead, a court considering whether such a claim is timely must consider whether the delay is reasonable, which requires consideration of . . . the consequences of a failure to address the merits of the claim and the prejudice to the State or victim.

*State v. Reed*, 252 Ariz. 236, 239 ¶14 (App. 2021).

**¶7**　　　　Plaza-Uzeta's Notice was filed 19 years after he pled guilty to drive by shooting. In the Notice, he checked the box stating he "raised each claim within a reasonable time after learning of the claim," but included no further information on why it took him nearly 20 years to file. Plaza-Uzeta's petition for review argues any deficiencies in the Notice were resolved in the motion for reconsideration. The motion for reconsideration, however, did not address timeliness, and instead focused on the merits of his claim. Moreover, even if the motion for reconsideration explained the delay, "[a court] typically do[es] not consider matters raised for the first time in a motion for reconsideration unless the facts or arguments presented were not available when the court entered the challenged ruling." *RT Auto. Ctr., Inc. v. Westlake Servs. LLC*, 253 Ariz. 91, 95 (App. 2022) (citation omitted). On this record, the superior court did not abuse its discretion in finding that Plaza-Uzeta's Notice was untimely.

**¶8**　　　　Plaza-Uzeta's claim, even if it had been timely raised, is not colorable. Post-conviction relief for a claim of innocence is proper when "the defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." Ariz. R. Crim. P. 33.1(h). Plaza-Uzeta argues

3

because "there was only one gun involved," another person was identified and convicted as the shooter in the incident and the statute for drive by shooting requires "actual discharge of a firearm," he is innocent of drive by shooting.

¶9          "A person commits drive by shooting by intentionally discharging a weapon from a motor vehicle at a person, another occupied motor vehicle or an occupied structure." A.R.S. § 13-1209(A). But "[a] person is criminally accountable for the conduct of another if . . . [t]he person is an accomplice of such other person in the commission of an offense." A.R.S. § 13-303(A)(3). And "[e]ven a driver who fires no weapon can be found guilty as an accomplice to drive-by shooting." *State v. Lewis*, 222 Ariz. 321, 325 ¶ 10 n.5 (App. 2009) (citations omitted). Plaza-Uzeta admits he was the driver of the vehicle from which the shooter discharged the firearm. Because he can properly be criminally accountable for the drive by shooting despite not discharging the firearm, Plaza-Uzeta has not provided clear and convincing evidence that "no reasonable fact-finder would find [him] guilty of the offense beyond a reasonable doubt." *See* Ariz. R. Crim. P. 33.1(h).

¶10         This court grants review but denies relief.

